Dwight WILLIAMSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15284.

Court of Criminal Appeals of Oklahoma.
Dec. 31, 1969.

 

Johnson & Fisher, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Jr., Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Dwight Williamson, hereinafter referred to as defendant, was charged in the District Court of Tulsa County, Case No. 153706, with receiving compensation from a motor vehicle owner for obtaining a 1969 license plate from the Tulsa County Motor License Agent without furnishing said agent a surety bond in an amount determined by the agent, or without being an appointed or authorized subagent of said Motor License Agent. Defendant was tried before a jury on March 24, 1969, and found guilty as charged. Judgment and sentence was imposed on April 4, 1969, with defendant's punishment assessed at a fine of $100.00 in accord with the jury's verdict.

The facts adduced at defendant's trial indicate that Cecil D. Gann, owner of a 1965 Chevrolet, on approximately December 26 or 27, 1968, left his automobile title with Mr. John Phelps at the Phelps' grocery store in Tulsa County to secure his 1969 automobile license plate. Mr. Gann subsequently returned to the grocery store and picked up his 1969 automobile license plate, having paid $37.26 for the plate plus a one dollar fee charged by Mr. Phelps. Mr. Phelps testified that he turned over Mr. Gann's papers, along with many others, to the defendant who secured the license plates and returned them to the store. The $1.00 fee for each customer was split with fifty cents to Mr. Phelps and fifty cents to defendant. Doris Beard, the Tulsa County Motor Vehicle Agent, testified that the defendant was not one of her twelve authorized subagents, that she had never designated a bond amount for the defendant, and that defendant had never requested to be appointed a subagent. Mrs. Beard testified that the defendant had mailed to her office a bond which she did not examine, but had her secretary return to the defendant. The defendant was apparently engaged in a "messenger service" as a runner, whereby he takes an owner's automobile title and secures for the owner from the Motor License Agent or subagent an automobile license plate and receives a fee for his service.

47 O.S.1961, § 22.22a, provides as follows:

"It shall be unlawful for any person to display any sign or to advertise in any manner representing to the public that he is an official or authorized Motor License Agent of the State, or that he has authority to register motor vehicles and issue license plates therefor, unless such person is a duly appointed and qualified Motor License Agent under the provisions of § 22.22, Title 47, O.S.1951; and it shall be unlawful for any person to solicit, accept or receive any gratuity or compensation for acting as a messenger or for acting as the agent or representative of another person in applying for the registration of a motor vehicle and obtaining the license plates therefor from the Oklahoma Tax Commission or from any official and authorized Motor License Agent, or to advertise, solicit, or in any manner offer to render such services for hire or compensation unless he shall furnish to the Motor License Agent of the county in which such service is performed a surety bond in such amount as said Motor License Agent shall determine to be commensurate with the amount of money which may be involved at any one time.

"Any person violating the provisions hereof shall be deemed guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than Five Hundred Dollars ($500.00), or by imprisonment in the county jail for not exceeding one (1) year, or both, and each

day that any such person advertises or in any manner offers to render such services to the public or to any person shall constitute a separate offense. * * "

47 O.S.Supp.1969, § 22.30*o* provides as follows:

"Any person who serves as a duly appointed subagent of the motor license and tag agent in the registration of motor vehicles and the issuance of license plates therefor, as provided under the provisions of Section 22.22a, Title 47, O.S. 1961, for the convenience of the public and who is responsible to the motor license agent for the proper performance of such duties, may make a charge therefor not in excess of fifty cents (50¢) per registration, to the person for whom the service is being rendered, provided that said charge by such subagent is approved and authorized by the agent."

Essentially, it is defendant's contention that 47 O.S.1961, § 22.22a, and 47 O.S. Supp.1969, § 22.30*o*, are unconstitutional as violating the due process and equal protection clause of the state and federal constitutions. Oklahoma Constitution, Article II, Section 2. United States Constitution, Article I, Section 10, and Fourteenth Amendment. Defendant argues that these statutes discriminate against motor vehicle owners and their messengers or representatives in securing motor vehicle license plates; that the statutes are vague, arbitrary, capricious, and without reasonable basis; and that the statutes are indefinite and uncertain since they do not provide that a Motor License Agent must accept the bond offered by an individual or establish conditions or guides regarding said bond. Defendant argues that there is no reason to penalize private enterprise which seeks to render a service to the public which is in demand and which is not contrary to good morals or harmful to the public. Defendant's position is that his conduct was nothing more than private enterprise in rendering a public service and that such a service is desirable to the public at large.

We first direct our attention to 47 O.S. Supp.1969, § 22.30*o*, which, as quoted above, was enacted in 1967. O.S.L.1967, Chapter 396, § 6. It is noted that this statute limits the fee chargeable by subagents only. Since this statute is limited solely to the fee chargeable by subagents, and makes no mention of a fee chargeable by others than subagents, we conclude that it has no relevance or applicability to the fact situation presented in this case. It is true that the predecessor statute to Section 22.30*o*, formerly codified as § 6–101 of Title 47 (O.S.L. 1963, Chapter 94, § 1), established the fee chargeable for persons rendering services as a "messenger" for another in securing a license plate. However, the 1967 enactment amending and re-enacting this prior statute deleted any reference to messengers, runners, or others than subagents.

■ Regarding 47 O.S.1961, § 22.22a, we cannot agree with the defendant that the statute is so vague and indefinite that it fails to convey the conduct considered unlawful and punishable. The statute in relevant part reads:

" * * * it shall be unlawful for any person to solicit, accept or receive any gratuity or compensation for acting as a messenger or for acting as the agent or representative of another person in applying for the registration of a motor vehicle and obtaining the license plates therefor * * * unless he shall furnish to the Motor License Agent of the county in which such service is performed a surety bond in the amount as said Motor License Agent shall determine to be commensurate with the amount of money which may be involved at any one time."

We think this language to be sufficiently certain to appraise the public of what conduct is considered criminally punishable and the necessary conditions under which such conduct is lawful. Defendant's offer of a bond to the agent indicates he was aware of the statutory requirements prerequisite to engaging in the business of a messenger

obtaining license plates for automobile owners. Thus, not only do we find the statutory language sufficiently certain, but the evidence shows defendant had notice and understood the statutory prohibition.

Defendant argues that this statute places an undue burden on motor vehicle owners and their messengers and that a messenger service is desirable and advantageous to the public. Be that as it may, policy considerations, be they wise or petty, are within legislative discretion. Any argument as to the wisdom, benefit, or desirability of the statute should be addressed to those with whom the legislative function has been entrusted, rather than to a court of judicial authority. Statutes are presumed to be valid and constitutional, and a party attacking a statute as unconstitutional has the burden of proof. Pugh v. State, Okl.Cr., 416 P.2d 637 (1966). When reasonably possible, and within the bounds of legitimate construction, statutes should be construed as to uphold their constitutionality. Ex parte Arnett, 93 Okl.Cr. 116, 225 P.2d 381 (1950). We find no constitutional prohibition against Section 22.22a, nor does it violate the due process of law or equal protection clauses of the state or federal constitution, nor is it void for uncertainty.

Having found Section 22.22a constitutional and enforceable, we next consider defendant's proposition that he complied with the requirements of the statute in that he "furnished" a surety bond to the Motor License Agent and thus his conduct was not unlawful. The State argues that the defendant did not "furnish" bond as required by the statute's terms, in that the bond was not accepted by the Motor License Agent. It is not necessary to rule upon whether the offering of a bond in the instant case is "furnishing" or whether acceptance by the Motor License Agent is necessary in order to comply with the terms of the statute. It is clear in the instant case that the defendant did not "furnish a surety bond in such amount as said Motor License Agent shall determine," as the agent did not designate an amount, nor was such designation requested by the defendant. The determination of the amount by the agent is a condition precedent. If the bond as offered were accepted, it could be inferred the agent determined that amount adequate. If an agent is arbitrary or discriminatory in determining an amount for a surety bond or in accepting a bond, the individual seeking to comply with the terms of the statute could bring a legal action against the agent.

In the instant case, it does not appear that the agent rejected his bond because of any legal defect or inadequacy. It would thus appear that the defendant's course of action should have been to bring a legal action seeking to require the agent to comply with her duties. Certainly, the refusal of the agent to accept the bond, whether it be arbitrary or not, did not justify the action of the defendant in deliberately performing conduct declared unlawful by the statute. The question of what discretion the agent has in setting the amount of the bond and accepting it is not now before this court. It is sufficient to say that the defendant did not furnish to the agent a surety bond in such an amount as determined by the agent, since there was no determination of an amount or request for such by the defendant.

Having determined that 47 O.S.1961, § 22.22a, is constitutional and valid, and having found that the defendant did not furnish to the Motor License Agent a surety bond in the amount determined by the agent, we conclude that the evidence supports the verdict of the jury and the judgment and sentence imposed thereon. Affirmed.

BUSSEY, J., concurs.

NIX, J., not participating.