James Morris MOONEY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–174.

Court of Criminal Appeals of Oklahoma.

Dec. 11, 1973.

Rehearing Denied Jan. 9, 1974.

Don Hamilton and Jon L. Hester, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert McDonald, Asst. Atty. Gen., for appellee.

## OPINION AND DECISION

BRETT, Judge:

Appellant James Morris Mooney, who will hereinafter be referred to as defendant, was convicted in the District Court, Pontotoc County, for the offense of Larceny of Domestic Animals; the jury assessed defendant's punishment at ten (10) years confinement in the State Penitentiary, but upon imposition of judgment and sentence, the trial court suspended the last seven (7) years of the ten (10) year sentence. From that judgment and sentence this appeal has been lodged.

The preliminary information was filed on November 12, 1971, charging Defendant Mooney and R. B. Ashley conjointly with the offense of Larceny of Domestic Animals. The preliminary examination was held on January 7, 1972, when both defendants were bound over to stand trial. On March 2, 1972, after arraignment in the trial court, the State moved for a severance electing to try defendants separately, with Defendant Mooney's trial being first. The purpose for the severance was to introduce an alleged confession made by Defendant Mooney. Defendant moved for a continuance, when the court granted the severance motion, and defendant's trial was set off until the following trial docket.

On September 18, 1972, defendant stood trial by jury before the Honorable Lee R. West, District Judge. Defendant was represented by counsel of his own choosing, and after the trial the jury assessed defendant's sentence.

The facts briefly stated reveal that on November 4, 1971, it was discovered that thirty three Hereford heifers had been taken from the pastures of the Winrock Farms. Certain strange tire tracks and other physical facts were located near a loading chute, and it was discovered that an iron gate, which was kept locked to an iron post, had been lifted off at the hinges and swung around, thereby opening the gate. Subsequently, on November 11, 1971, Mr. Hershel Brewer of the Winrock Farms observed and identified the thirty three head of cattle in a pasture in Oklahoma County. The testimony of the State revealed that the Defendant Mooney and R. B. Ashley met in the vicinity of Roff, Oklahoma, each driving a pickup truck and towing a trailer. Defendant assisted Ashley in removing the gate and loading the cattle into the trailers, and in hauling them to the vicinity of Oklahoma County. De-

fendant was arrested in Yukon, Oklahoma, and was transferred to the Pontotoc County Jail in Ada, Oklahoma, where he subsequently made a confession to the Sheriff of Pontotoc County, and an agent of the Cattlemen's Association. Defendant testified in his own behalf at the trial, and in substance admitted his participation in the alleged crime. The Court takes judicial knowledge that Defendant Mooney testified as a State's witness when R. B. Ashley was tried in Pontotoc County Case No. CRF–71–152 *, when he testified essentially to the same facts revealed in the instant trial.

■ Defendant's first assignment of error complains that the trial court committed error in denying various motions of defendant. In particular, the defendant asserts that his motion for production, inspection and copying of statements, expert materials and reports and information favorable to "defendant," should have been allowed, and that the same was overruled by the trial court. However, as we read the transcript of the hearing had on March 2, 1972, the trial court allowed defendant's motion for discovery, and stated " . . . that it has ordered and directed the District Attorney's office to furnish all statements and all evidence surrounding statements to the Defendant on or before 10:00 A.M. on Saturday morning." Subsequent to this statement the court extended the period of time in which the District Attorney could provide such statements. At the Jackson v. Denno hearing, during defendant's trial, it was made known by the State that the purported tape recording of defendant's alleged confession did not properly transcribe and consequently, no recording of that confession was available. Both the State and defendant cite this Court's decision in Stevenson v. State, Okl.Cr., 486 P.2d 646 (1971), to support their respective positions pertaining to this assignment of error. Notwithstanding the fact that it would have been more appropriate for the District Attorney to have early admitted that no tape recording existed for the alleged confession, his failure to do so does not constitute reversible error. There is no particular showing of other statements or records which were available and which the State should have released to the defendant. We therefore deny this assignment of error.

■ Defendant next contends under the first assignment of error that the State did not present sufficient evidence at the preliminary examination to satisfy the requirements of Title 21, O.S., 1971, § 264. Defendant's contentions in this assignment of error are not persuasive. This Court stated in Beaird v. Ramey, Okl.Cr., 456 P.2d 587 (1969):

" . . . a preliminary hearing is not a trial to determine the guilt of accused, but only the two issues: 'Was a crime committed, and is there reasonable cause to believe the defendant committed said crime.' "

We therefore deny this assignment of error pertaining to the preliminary examination.

■ Defendant's assignments of error number four and number seven are argued together. In this, defendant contends that the court committed error in failing to require the State to present the owner of the missing cattle to testify concerning the property. We believe defendant's contention is without merit. This Court in Sherfield v. State, 96 Okl.Cr. 223, 252 P.2d 165 (1952), at page 169, cited the earlier case of Butler v. State, 60 Okl.Cr. 188, 62 P.2d 662 (1936), and quoted the second and third syllabus of that decision as follows:

"2. The actual status of the legal title to stolen property is no concern of the thief; so far as he is concerned, one may be taken as the owner who is in possession of the property and whose possession was unlawfully disturbed by the taking.

---

* See: Ashley v. State, Okl.Cr. (1973), No. F–73–150.

"3. In a prosecution for larceny of livestock, the name of the owner of the property stolen is only required to identify the transaction, so that the defendant, by proper pleading, may protect himself against another prosecution for the same offense."

Defendant next argues his assignment number two, which asserts that the trial court's instruction no. 2 was improper. Defendant entered his objections when the instructions were being settled. The court's instruction no. 2 reads as follows:

"Any person in this State who shall steal any horse, jackass, jennet, mule, cow, or hog, shall be guilty of a felony and upon conviction shall be punished by confinement in the State Penitentiary for a term of not less than three years, nor more than ten years.

"The word, 'horse' as used in this act, shall include all animals of the equine species and the word, 'cow' shall include all animals of bovine species."

■■ The trial court's instruction was taken in part from Title 21, O.S., 1971, § 1716, which section of the statute defendant contends is unconstitutional, because it is unconstitutionally vague, and therefore violates defendant's rights to due process and equal protection. Admittedly, that section of the statute also provides a lesser punishment for the theft of sheep or goats, than that provided for the theft of other domestic animals. Defendant cites in support of this proposition, Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L. Ed.2d 22 (1965). After considering the case cited by defendant, we conclude that it is not applicable to the statute under consideration; nor do we find defendant's argument persuasive, that the statute is so unconstitutionally vague that a person of reasonable intelligence cannot understand what he is prohibited from doing. We therefore deny this contention of error.

Defendant next argues his assignments of error three, five, and six, as they pertain to certain evidence which defendant asserts was prejudicial to him.

■ Considering first defendant's contention that the purported confession should not have been admitted into evidence, we find that the "Jackson v. Denno" hearing was properly conducted by the trial court. The record sufficiently shows that defendant was properly advised of his Miranda rights and that defendant waived those rights and executed a constitutional rights waiver form prior to voluntarily confessing to the sheriff and Mr. Ron Taylor of the Cattlemen's Association, his part in the theft of the cattle. At the conclusion of the hearing outside the presence of the jury, the trial court entered its findings that defendant's statement was voluntarily given; and thereafter, the trial court also submitted the question of voluntariness to the jury in the court's instruction number 8. In this Court's decision in Fulbright v. State, Okl.Cr., 508 P.2d 688 (1973), the fifth paragraph to the syllabus states the following:

"Where trial court conducted evidentiary hearing concerning motion to suppress defendant's statement in murder prosecution and court found that defendant had been given his Miranda rights and that statement was voluntary, question of voluntariness was properly submitted to jury."

In the instant case we find that the trial court made the proper findings after conducting a proper hearing outside of the jury, and that the defendant was sufficiently advised of his constitutional rights.

The second part of this contention asserts that the trial court committed error in sustaining the State's motion for a severance. We observe that Title 22 O.S., 1971, § 439, provides the following:

"If it appears that a defendant or the State is prejudiced by joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court shall order an election or separate trial of counts, grant a severance of defendants, or provide whatever other relief justice requires.

■ It is to be remembered that after the State's motion for severance was granted, the trial court granted defendant's motion for a continuance until the next jury docket. The State determined that the prosecution would be prejudiced by a joinder of the defendants for the reason that the State would be unable to introduce Defendant Mooney's confession in light of the United States Supreme Court decision in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Therefore, the State moved for a severance of the trials of the two defendants. Consequently, we fail to see how the court abused its discretion, or how defendant was prejudiced when the motion for severance was granted. Admittedly, had the trial court failed to grant the motion for continuance, prejudice would have occurred.

■ Concerning the next complaint under this assignment of error, that the trial court committed error in allowing the introduction of evidence pertaining to co-conspirator Ashley, the record reflects that no such testimony was admitted, which pertained only to Defendant Ashley. All of such testimony was subsequently connected up with the defendant in this case, sufficiently to show the commission of the crime by the two men conjointly.

■ Defendant next argues his assignment number thirteen, which contends that the sentence of ten years assessed by the jury was excessive. Considering defendant's trial and sentence in connection with that of R. B. Ashley, who was sentenced by the jury to serve four (4) years in the State Penitentiary, and considering that defendant testified as a State witness at Ashley's trial, we believe this contention of error contains merit. There is no doubt but what R. B. Ashley motivated the commission of the crime and that defendant herein was, through ignorance, utilized and used by Ashley to perpetrate the theft of the thirty three head of cattle. We therefore believe that the ends of justice will be better served, insofar as this is defendant's first conviction, if defendant's sentence is modified from ten years with the last seven years being suspended, to a sentence of three years.

It is therefore ordered that the sentence imposed on Defendant James Morris Mooney in Pontotoc County District Court Case No. CRF–71–152, be modified from ten years, with the last seven years thereof being suspended, to a sentence of three years confinement in the State Penitentiary, and as modified, the judgment and sentence is affirmed.

Modified and affirmed.

BLISS, P. J., and BUSSEY, J., concur.