**Robyn Leroy PARKS, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–74–516.**

Court of Criminal Appeals of Oklahoma.

Nov. 26, 1974.

Don Anderson, Public Defender, Oklahoma County, Okl., for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court, Oklahoma County, Case No. CRF–73–3099, appellant Robyn Leroy Parks, hereinafter referred to as defendant, was charged, tried`and convicted for the offense of Attempted Burglary in the Second Degree, After Former Conviction of a Felony. His punishment was fixed at three (3) years and seven (7) months' imprisonment; and from said judgment and sentence he has perfected a timely appeal to this Court.

The evidence adduced at trial from the testimony of Mrs. Murray Emerson Jones revealed that on October 23, 1973, she was employed at the fine jewelry department of the John A. Brown Company located at 208 West Park Avenue, downtown Oklahoma City. At approximately 5:30 p.m. Mrs. Jones, upon her departure from the store, locked the doors and activated the silent alarm system. At approximately 12:25 a.m. the following morning she was called to the store by a policeman. Upon her arrival she observed a glass panel, dimensions of approximately 60″ x 28″, leaning against a wall. She further observed the molding had been pried loose and removed from the door and that inside the door she observed a pen knife and screwdriver laying on the floor. Finally, she added that during the early morning hours of each Monday the doors and windows of this department were cleaned by the store maintenance people. She positively stated that on October 23, 1973, the door glass which she observed had been removed had been cleaned earlier that date.

Wesley F. Dawson of the Oklahoma City Police Department testified that on

**515**

October 24, 1973, at approximately 12:25 a.m. he was dispatched to the above location for the reason a silent alarm had sounded. Officer Dawson drove to the intersection of Robinson and Park where he observed defendant standing approximately 20 to 30 feet from the above mentioned door. Upon inquiry defendant stated to the officer that he observed two people jimmying the door with another standing across the street acting as a lookout man. He gave descriptions of those people and finally stated that the reason that he was in the area of the door was that he was just returning from a movie. Further, Officer Dawson testified his investigation of the area revealed another person near the store area whom he identified as a Mr. Fortune. Defendant told Dawson that Fortune was not a member of the trio he previously had identified.

Detective Bill Minor of the Oklahoma City Police Department testified he interviewed defendant shortly after 8:00 a.m. October 26, 1973. During this interview defendant denied knowledge of the burglary and denied participation in the same.

Officer Barber, Identification Officer for the Oklahoma City Police Department, after stipulation by counsel as to his qualifications as an expert witness, testified he lifted two fingerprints from the edges of the glass which he identified as being made by defendant.

Thereafter the State rested.

For the defense Walter Afinow testified that on Monday, October 22, 1973, he cleaned the above mentioned door at 5:30 a.m.

Tom Quinn, an investigator for the defense, testified regarding the dimensions of the glass door above mentioned.

Thereafter the defense rested.

At the second stage of bifurcated proceedings, counsel stipulated regarding the former conviction of the defendant.

Defendant first argues the evidence is insufficient to support a verdict of conviction. There are three essential elements in establishing an offense of attempted burglary. These elements are; (1) the intent to commit the offense, (2) the performance of some act toward its commission and (3) failure of consummation. Ervin v. State, Okl.Cr., 351 P.2d 401 (1960), Place v. State, Okl.Cr., 300 P.2d 666 (1956). Circumstantial evidence of the proof of these elements is sufficient evidence on which a jury may make a finding of guilt for this offense. See Hawkins v. State, Okl.Cr., 510 P.2d 693 (1973). We find the circumstantial and direct evidence adduced at the trial is sufficient evidence upon which the jury could conclude defendant committed the offense of attempted burglary in the second degree.

Defense counsel next urges the punishment is excessive. We note that the offense of attempted burglary in the second degree charged after former conviction of a felony provides for a punishment of not more than five years imprisonment. The punishment the jury imposed is slightly more than the maximum penalty assessable for the primary offense. After a review of the record we note the case was well tried by both the State and the defense and further find the court committed no errors in the manner in which it conducted the trial. Considering the punishment is well within the range established by statute and the fact the trial is error free, we find the jury's assessment of punishment to be predicated upon facts and circumstances fairly presented and for this reason the punishment imposed does not shock this Court's conscience. See Roberts v. State, Okl.Cr., 473 P.2d 264 (1970). Consequently, we find this proposition to be without merit.

The judgment and sentence is affirmed.

BRETT and BUSSEY, JJ., concur.