**The STATE of Oklahoma, Appellant,**

v.

**Bobby Ray MAYNARD, Appellee.**

**No. O-78-59.**

Court of Criminal Appeals of Oklahoma.

June 18, 1979.

---

1. 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964).

2. 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574 (1967).

John G. Lanning, Dist. Atty., Eleventh Judicial District, for appellant.

Michael L. Fought, Bartlesville, for appellee.

## OPINION

BUSSEY, Judge:

Bobby Ray Maynard, hereinafter referred to as defendant, was charged in the District Court, Washington County, Oklahoma, Case No. CRF–77–155, with the offense of Feloniously Carrying a Firearm, in violation of 21 O.S.1971, § 1283. On July 20, 1977, a preliminary hearing was had before the Examining Magistrate Arthur J. Boose, District Judge, Washington County District Court, whereafter Judge Boose sustained a demurrer based upon insufficiency of the evidence. The State initiated an appeal under the provisions of Rule 6 of the rules of this Court on the ground that the magistrate erred in his ruling. Thereafter, on August 9, 1977, at the Rule 6 hearing, Honorable James H. Laughlin sustained the magistrate's ruling on the demurrer.

At the preliminary hearing Barbara Lowen testified that on the afternoon of June 25, 1977, she was sitting in the living room of her residence with Ronnie Maynard, Linda Maynard, and their small child. She was leaning back in a recliner and the others were sitting on the couch. A shot was fired and she felt a bullet go past her face. The shot came from the back portion of the house. She testified that she had dated the defendant in the past and that he had been in her house frequently. Larry Maynard was also present in the house, but was in the bathroom when the shot was fired. Linda Maynard testified that she was present in Barbara Lowen's front room on the afternoon in question. She heard her husband say "hey," looked up and saw a hand holding a gun in the back of the house. One shot was fired.

Curtis Bower testified that he was employed by the Bartlesville Ambulance Service which is located next door to Barbara Lowen's residence. He heard two "bangs" and observed a young man come out of a small window in the back of the house. The man ran in a westerly direction. Defendant came out of the rear door and was holding his hands at his side. He got into a green Plymouth and sped away in a reckless manner. Bower radioed the police and took pursuit of defendant's vehicle. The defendant was driving at speeds of 80 to 90 miles per hour. He continued to pursue the defendant until he was apprehended by the Bartlesville police officers. He subsequently accompanied Officer Miller back over the chase route where a pistol was found in an alley along the way.

Sgt. Dan Miller testified that he accompanied Curtis Bower in retracing the chase route. He identified State's Exhibit No. 1 as a .38 caliber pistol which he recovered.

Detective James Winn identified State's Exhibit No. 2 as a bullet he recovered from a door of the Lowen residence. He interrogated the defendant on the morning of June 26, 1977, after first advising him of his *Miranda* rights. Defendant admitted being at the Lowen residence the previous afternoon. He entered the house through the back door and tossed some firecrackers into the dining room. He heard a loud noise in the bathroom and observed someone running down the alley. Detective Winn then returned to the residence and found no residue of any firecrackers.

Lt. Donald Stockton testified that he sent State's Exhibit Nos. 1 and 2 to the Alcohol, Tobacco and Firearms Regional Laboratory in Atlanta, Georgia. The parties stipulated to the contents of the report from the laboratory. The report stated that the bullet had been fired from the pistol.

The State asserts two assignments of error, only one of which we deem necessary to discuss in this opinion. That being the Magistrate's finding that there was not probable cause to believe a crime had been committed and that the defendant committed it. The State urges that there was sufficient evidence although entirely circumstantial to bind the defendant over for trial. We agree. The evidence at the preliminary hearing established that a shot was fired from a .38 caliber pistol inside the Lowen's residence. The defendant was observed leaving the residence through the back door, holding his hands at his side. He sped away from the scene and was pursued by an ambulance at high rates of speed down city streets. The weapon which fired the shots was discovered soon after the defendant's arrest, by an officer who retraced the defendant's route.

We are of the opinion that such evidence, although entirely circumstantial, was sufficient to establish that a crime had been committed, and probable cause to believe that defendant committed said offense.

This is especially true considering the presumption that the State will strengthen its evidence at trial. See *McAllister v. State*, 97 Okl.Cr. 167, 260 P.2d 454 (1953) and *Turner v. State*, Okl.Cr., 549 P.2d 1346 (1976). In *Berryhill v. State*, Okl.Cr., 568 P.2d 1306 (1977) wherein the only evidence presented at the preliminary hearing connecting the defendant with the offense was entirely circumstantial, we stated:

"This Court has repeatedly held that not only is it not necessary to present sufficient evidence at preliminary hearing to convict the defendant, but also that the burden of putting on evidence at a preliminary hearing may be met entirely through circumstantial evidence."

See also *Edmondson v. State*, Okl.Cr., 536 P.2d 386 (1975).

The order of the District Court sustaining the magistrate's ruling on the demurrer is *REVERSED*, and the District Court is instructed to vacate its order, to enter an order overruling the holding of the magistrate, and to remand the case to the magistrate with instructions to bind the defendant over for trial.

CORNISH, P. J., dissents.

BRETT, J., concurs.