**Edward HILLIARY, Jr., Jack Laughter, Rex Leath, Chuck Smith and A. P. Tuck, Appellants,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–79–640.**

Court of Criminal Appeals of Oklahoma.

June 24, 1981.

Lonny G. Long, Lawton, Stephen Hilliary, Medicine Park, for appellants.

Jan Eric Cartwright, Atty. Gen., William Roy Holton, Jr., Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BRETT, Presiding Judge:

The members of the Board of Trustees of the City of Medicine Park, Comanche County, Oklahoma, were convicted of violating the Open Meeting Act, Comanche County District Court cases no. CRM-79-298 through 300. The subject meetings were set for December 14, 1978; January 11, 1979; and March 8, 1979; and the January 11 meeting was postponed to January 18, 1979.

Although there was conflicting evidence whether any notice had been posted to announce these meetings, it is uncontroverted that the notices, if there were any, did not contain agendas. (See Appendix A). The appellants' own exhibits both prior and subsequent to the subject meeting dates indicate that the Board was aware of its duty to list an agenda, and the evidence presented by the State reveals that the Board members were aware of public concern over their alleged failure to comply with the Open Meeting Law.

■ Of the twenty (20) assignments of error, many are overlapping and repetitious. First, the appellants allege that the defense was improperly restricted in the cross-examination of State's witness Haile and was, therefore, effectively denied the right to show bias on the part of that witness. Our review of the record reveals, however, that the defense did manage to show the witness's potential bias.

Next it is argued that the evidence was insufficient and that there had been substantial compliance with the statute. This Court has read the transcript and finds that the State did succeed in presenting a prima facie case. The substantial compliance issue is discussed *infra*.

■ The third allegation is that there was no proof of criminal intent. However, the record discloses that the failure to comply with the Open Meeting Act was a willful violation. Beyond that, the criminal intent needs not be proven since this was a crime classified as in malum prohibitum. See *Williams v. State*, 565 P.2d 46 (Okl.Cr. 1977).

■ In propositions four and five, it is alleged that the State failed to prove what should be contained in an agenda, and further that the State failed to prove that the Board had acted on any matter which would require notice by posting. The Open Meeting Act does not specify that notice be given only when certain business is transacted or that the State needs to prove that a particular type of business was, in fact, transacted in order to prove a violation. Posting is required even for the most typical meeting.[1]

■ Neither do the appellants raise a viable issue in arguing that the Legislature did not define "agenda." The word is not a legal term, and its clear meaning, taken from *Webster's New Collegiate Dictionary*, eighth edition, is "a list, outline, or plan of things to be considered or done." It is also defined as a memorandum "of things to be done, as items of business or discussion to be brought up at a meeting; a program consisting of such items," *Black's Law Dictionary*, fifth edition. The errors asserted have no merit.

■ In propositions six and seven, the appellants say that there was no evidence of detriment and that the verdict did not conform to the evidence. Initially, this Court observes that the Open Meeting Act does not require that the State prove injury in order to establish a prima facie case of a violation under 25 O.S.Supp.1980, § 313.

1. Laws 1977, ch. 214, § 11, now 25 O.S.Supp. 1980, § 311(9), provides in pertinent part as follows:

... all public bodies shall, at least twenty-four (24) hours prior to [regularly scheduled] meetings, display public notice of said meeting, setting forth thereon the date, time, place and *agenda* for said meeting ... provided, however, the posting of an agenda shall not preclude a public body from considering at its regularly scheduled meeting any new business ... 'New business,' as used herein, shall mean any matter not known about or which could not have been reasonably foreseen prior to the time of posting. (our emphasis)

And second, the sufficiency of the evidence has been upheld. See the first assignment of error.

■ As the eighth proposition, the appellants allege that the jury was prejudiced by a statement made by the judge. The statement was a response to the arguments by the defense and the prosecution on a motion for a new trial, and it was made at that hearing on July 16, 1979. The jury had been dismissed following their verdict on June 18, 1979. The argument is patently without merit.

■ Although the appellant alleges that his ninth assignment of error is the improper overruling of the demurrer, the gravamen of his complaint is that the appellant had substantially complied with the Open Meeting Act. First, it is uncontested that the notices, if any, for the three meetings which constitute the bases for the charges, lacked agendas and that the Open Meeting Act specifically requires an agenda as part of the notice. See 25 O.S.Supp.1980, § 311(9), (10), (11). Whether or not substantial compliance will or should apply to the Open Meeting Act is not properly resolved at this time. Before this Court is a factual base which would not support even substantial compliance. There was no partial or skeletal agenda. There was, in fact, no agenda. The allegation is without merit.

There is no assignment of error number ten.

■ The appellants' propositions number eleven through sixteen address the constitutionality of the statute. Statutes are presumptively constitutional and the challenging party bears the burden of proving otherwise. *Williamson v. State*, 463 P.2d 1004 (Okl.Cr.1969). This Court has examined all of the appellant's arguments and found merit in none of them. The use of the word "agenda" has been discussed.

■ The appellants raise the question of what behavior is required or proscribed of the members of the public body and what procedure is to be followed in adhering to the statute. The Act is clear in defining the role of the public body in giving notice, recording minutes, and adhering to the mandates of the law, 25 O.S.Supp.1980 §§ 311 through 314. Any confusion on the part of the appellants results from their tenuous and distorted interpretation of the statute as reflected in their brief.

There is no assignment of error number seventeen.

In propositions number eighteen and nineteen, there is again an insufficient evidence argument plus an allegation that the charging in the informations of no notice was erroneous and prejudicial to the appellants. First, the appellants argue the failure by the State to prove each and every material element in the informations. This has been addressed in the second assignment of error: a prima facie case was established.

■ Second, the appellants allege that it was prejudicial for the informations to include allegations that no notices had been posted. Although appellants admit that the notices lacked agendas, they analogize this to an information in which a defendant has been charged with assaulting several persons when, in fact, there was only proof that he had assaulted one. The argument is that the failure to give date, time, location and agenda are all separate crimes, and that if date, time, and location have been given, then notice has been given, and the information should charge that the agenda has not been given rather than that notice has not been given. The analogy to the assault on several persons is inappropriate. The agenda is but one element of the notice and its absence renders the notice incomplete; therefore, in the cases before this Court, no notice had been given.

■ Finally, the trial court allegedly erred in refusing certain instructions offered by the defense. The instructions concerned specific intent and substantial compliance. Both specific intent and substantial compliance have been dismissed in this opinion as irrelevant to the crime charged, supra. To instruct on these issues would have been error since such instructions would not have reflected the law.

Having found no error, this Court affirms the convictions.

Appellants are admonished that they may utilize the provisions of 22 O.S.1971, § 994, for any other relief they may feel they are entitled to receive.

BUSSEY and CORNISH, JJ., concur.

## APPENDIX A

The text of the subject notices follows: The Board of Trustees of the Town of Medicine Park will meet in regular meeting at 7:30 p. m. on Thurday (sic), December 14th, 1978, in City Hall Chambers.

V. LeBlanc, Deputy Clerk

(Defendant's Exhibit 22)

Notice: Due to weather conditions the Board of Trustees will not meet on Thursday, January 11th, 1979.

V. LeBlanc, Deputy Clerk

(Defendant's Exhibit 21)

Notice: The Board of Trustees of the Town of Medicine Park will meet in regular session at 7:30 p. m. on Thursday, March 8th, 1979, in City Hall Chambers.

V. LeBlanc, Deputy Clerk

(Defendant's Exhibit 20)

Notice: The Board of Trustees of the Town of Medicine Park will meet on Thursday, January 18th, 1979, at 7:30 p. m. in City Hall. This will be the regular session for January which was originally cancelled due to weather.

V. LeBlanc, Deputy Clerk

(Defendant's Exhibit 19)