**Wayne Lee POTEAT, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F-82-367.

Court of Criminal Appeals of Oklahoma.

Nov. 8, 1983.

Rehearing Denied Nov. 22, 1983.

---

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., Floyd W. Taylor, First Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Appellant, Wayne Lee Poteat, was charged by information for the crime of Burglary Second Degree, in Count I, and Attempted Burglary of a Vending Machine, in Count II, pursuant to 21 O.S.1981, § 1435, in the District Court of Tulsa County, Case No. CRF–81–3812. Appellant was convicted of the lesser included offense of Entering a Building with Unlawful Intent, in Count I, and Attempted Burglary of a Vending Machine, After Former Conviction of Two Felonies, in Count II. The appellant was tried by jury and represented by counsel. A sentence of one year and twenty (20) years' imprisonment was imposed respectively, and he appeals.

On October 27, 1981, the Tulsa police responded to a silent alarm at the Parrish and Clark Dodge Automobile dealership in Tulsa. After examining the outer portions of the building, the officers heard a loud clanking sound from inside the building. Officer Been looked through a window and observed appellant beating on a coke machine with a dolly.

When the officers entered the building they found appellant hiding under a desk in one of the offices. Appellant told the officers he broke into the dealership trying to escape the cold. The police found a broken window where the alleged entry occurred.

Appellant first asserts that he received multiple punishments for the same transaction in violation of the provisions of the United States and Oklahoma Constitutions barring double jeopardy. The test used by the United States Supreme Court to determine whether the acts constitute two offenses or only one is whether each provision requires proof of an additional fact which the other does not. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

In reviewing the facts of this case and the elements required to prove the separate offenses, we conclude that jeopardy did not attach. As for Count I, burglary, this Court stated in *Ziegler v. State,* 610

P.2d 251 (Okl.Cr.1980), that, "The crime of burglary is complete upon entry, and the evidence of the completion of the intended crime is only evidence of intent; it is not a necessary element of burglary." *Id.* at 254. The fact that the State sought to prove the requisite intent to the crime of second degree burglary by showing appellant's intent to burgle the vending machine does not require the State to prove each element of attempted burglary of the machine. The alleged burglary of the building was complete upon entry. The crime for which appellant was convicted, entering a building with unlawful intent, is a lesser included offense of burglary and was also complete upon the entry into the building. *See Collums v. State,* 654 P.2d 1070 (Okl.Cr.1982). Thus, appellant was not twice put into jeopardy when evidence of the attempted burglary of the machine was entered into evidence.

To convict appellant for attempted burglary of the vending machine in Count II, evidence concerning how appellant secured entry into the building was not required, for all the State had to prove for the crime of attempt was intent, an overt act toward the commission of the crime, and failure of consummation. *Parks v. State,* 529 P.2d 513 (Okl.Cr.1974). Testimony given by Officer Been that he observed appellant hitting the vending machine with a brace was completely independent of evidence adduced to establish the entry into the building. Therefore, the conclusion reached by this Court is that multiple punishments were properly imposed on appellant for committing separate crimes, and to do so did not subject him to double jeopardy.

When the jury found appellant guilty of breaking and entering the dealership, a misdemeanor, they assessed punishment. The jury also found appellant guilty of attempted burglary of the vending machine, but since it was a felony offense, and appellant had been charged as an habitual criminal, a bifurcated proceeding was held in accordance with 22 O.S.1981, § 860. Appellant urges this Court to hold that jeopardy had attached after he was found guilty of entering a building with unlawful intent and the jury had recommended one year imprisonment. He reasons that he had been tried, convicted and punished for his criminal transaction.

Appellant provides this Court with weak argument and authority and thus, we find no merit in his assertion. For the reasons stated above, it was not double jeopardy to try appellant and convict him for the two separate offenses; and neither did jeopardy attach when the jury recommended a sentence for Count I and then was presented additional evidence for sentencing in Count II. By the authority given in 22 O.S.1981, § 860, the trial court held a bifurcated proceeding, and properly so.

Last, appellant asserts that Count II alleges that Parrish and Clark owned the vending machine, that the evidence established that Parrish and Clark did not own the vending machine, and therefore, the State failed to prove lack of permission from the owner to break into the machine.

Count II alleged that the vending machine was located in the Parrish and Clark dealership. Testimony revealed that the dealership leased the vending machine, and they owed a duty not to misuse or abuse it. The sales manager for the dealership testified that he had given no one permission to attempt to forcibly enter the machine. Since the dealership was lawfully in possession of the machine, it may be regarded as the owner thereof with respect to showing that appellant attempted to break into the property without the consent of the owner. See *Jackson v. State,* 86 Okl.Cr. 420, 193 P.2d 895 (1948). We find that this evidence was sufficient to establish that appellant attempted to break into the machine without permission to do so.

The judgment and sentence is AFFIRMED.

BUSSEY, P.J., and CORNISH, J., concur.