**STATE of Oklahoma, Appellant,**

v.

**Bob PATTON, Bob White, Jeff Gray, John Paul Brown, and Paul Milburn, Appellees.**

No. S–92–187.

Court of Criminal Appeals of Oklahoma.

Sept. 8, 1992.

## ACCELERATED DOCKET ORDER

Appellees, members of the Board of Education of the Gordon Cooper Area Vocational and Technical School, at a regularly scheduled meeting of October 8, 1991, refused to allow members of the public to tape record the meeting. The State filed a misdemeanor information in the District Court of Pottowatomie County, Case No. CRM 91–626, charging Appellees with a violation of 25 O.S.1981, § 303, of the Open Meeting Act. A demurrer to the information filed by Appellees was sustained and the case was dismissed. The State appealed this ruling to the District Court, which in turn affirmed the ruling of the magistrate, finding 25 O.S.1981, § 303, "vague with respect to whether or not the public has an absolute right to tape record public meetings, and that as a result thereof, the Information filed herein does not state an offense chargeable under Oklahoma Law."

Pursuant to 22 O.S.1991, § 1053.1, the State appealed that decision to this Court as a reserved question of law, and the case was placed on the Accelerated Docket of this Court. 22 O.S.Supp.1990, Ch. 18, App., *Rules for the Court of Criminal Appeals*, Rule 11.2. Propositions of error were presented to this Court in oral argument, August 13, 1992, pursuant to Rule 11.5(c). At the conclusion of the argument, the parties were advised of the decision of this Court. Appellant raised the following issues on appeal: (1) the District Court erred in construing 25 O.S.1981, § 303, as a penal statute rather than a remedial statute; and therefore, erred in ruling that the information failed to state a public offense; and 2) the District Court erred in finding the statute impermissibly vague.

Title 25 O.S.1981, § 301 *et seq.* is known as the Oklahoma Open Meeting Act (hereafter referred to as the Act). The Act sets forth procedures which must be followed in order to comply with the stated public policy of the Act; that policy being to encourage and facilitate an informed citizenry's understanding of the governmental processes and governmental problems. A willful violation of any of the provisions of the Act is punishable as a misdemeanor offense. The language used by the Legislature in creating this mala prohibita offense, together with the inclusion of a penal provision, make this a penal statute which must be strictly construed. Any cause of action based upon such a statute must be clear and without a doubt. *Quinn v. City of Tulsa,* 777 P.2d 1331, 1339 (Okl.1989). Statutes which create and provide penalties for criminal offenders must be sufficiently explicit so persons of common intelligence may understand their provisions and so that their meaning does not require speculation. *Switzer v. City of Tulsa,* 598 P.2d 247, 248 (Okl.Cr.1979).

In the present case, it was not possible for the Appellees to determine, from the language of the Act, whether their conduct in refusing to allow the meeting to be tape recorded would be a violation of the Act. In fact, Appellees believed they were in compliance with the statute by placing no restrictions on attendance and by posting a notice and agenda. *See Hilliary v. State,* 630 P.2d 791 (Okl.Cr.1981).

It is not our intent by this opinion to disparage the policy of conducting "open meetings". However, when the Legislature acts and creates a purely statutory offense such as the Open Meeting Act, it is incumbent upon them to specify what conduct is a violation of the act. In 25 O.S. 1981, § 303 *et seq.*, the Legislature failed to prohibit the conduct which the State seeks to prosecute. The only statutory requirements of Section 303 are that the meetings be held at specified times and places which

are convenient to the public; that they be open to the public; that they be preceded by advance notice specifying the time and place of each meeting; and that the notice contain the matter(s) which will be considered at the meeting. Further, the Legislature gives little guidance in the determination of whether any additional conduct is required or prohibited under the statute. The term "open meeting" appears only in the title and is neither discussed nor defined further. It appears as though the Legislature attempted in part to remedy this shortcoming in its 1992 amendment to section 312 by specifically permitting any person attending a *public meeting* to record the proceedings of the meeting, providing the recording does not interfere with the conduct of the meeting. Therefore, even the 1992 amendment does not create an unqualified right to record a public meeting.

After a thorough review of the statute in question, and the authorities cited to us by both parties, we find that the District Court properly affirmed the finding of the magistrate that 25 O.S.1981, § 303 *et seq.* was impermissibly vague as to whether this conduct was prohibited by the Act and that, as a result, the criminal Information filed herein does not state an offense chargeable under state law.

IT IS THE ORDER OF THIS COURT, by a four (4) to zero (0) vote, that the order of the District Court affirming the order of the magistrate dismissing the cause be AFFIRMED.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE,
Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Vice Presiding Judge

/s/ Tom Brett
TOM BRETT,
Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge