**Shannon L. BEAIRD, Appellant,**

v.

**Harold FORSHEE, Jeff Bell, Mike Harless & Nancy Belvin, in their Individual and official capacities as Chairman and Members of the Board of Trustees of Ratliff City, Oklahoma; and The Town of Ratliff City, Oklahoma, A Municipal Corporation, Appellees.**

**No. 85322.**

Court of Appeals of Oklahoma, Division No. 1.

May 9, 1995.

James A. Clark, Ardmore, for appellant.

David G. Mordy, Ardmore, for appellees.

### MEMORANDUM OPINION

HANSEN, Presiding Judge:

Plaintiff, Shannon L. Beaird, filed this action for damages and for reinstatement of her position as Deputy Clerk of the Town of Ratliff City, Oklahoma. She based her action, and her appeal from the judgment in this action, on non-compliance with the Oklahoma Open Meeting Act, 25 O.S.1991 § 301 et seq. (the Act). She did not state the

specific section of the Act Defendants allegedly violated. However, the gist of her complaint is that although Defendants afforded her a hearing on her termination, and gave her adequate notice of the hearing, the decision to give her that notice was not listed on any agenda; thus her termination was illegal. More specifically, her complaint is that the decision of the Board Of Trustees of Ratliff City (Board) to serve her with the "Notice of Pre-termination Hearing" did not comply with the Act.

Plaintiff was hired as Deputy Clerk in February of 1991. She had no contract of employment for any specified term and thus was an employee at will. Apparently Board terminated her employment in October of 1992 and then reinstated her. She states the agenda for the September 14, 1993, Board meeting stated that it would discuss possible action to terminate Plaintiff's employ. At that meeting that discussion was tabled until further notice. No recorded evidence contains an agenda placing any further matters concerning Plaintiff's employment before Board until the agenda for the October 26, 1993 meeting.

On October 21, 1993 Plaintiff was served with a Notice of Pre-termination hearing to be held on October 26, 1993. She attended and participated in that meeting with aid of counsel. During the meeting counsel stated Plaintiff believed the meeting was illegal but declined to state a reason for that opinion. After a lengthy hearing on the bases for her termination, Board voted to fire her. She then filed the present action against Board and its members and the City of Ratliff. The trial court found no violation of the Act and sustained Defendants' Motion for Summary Judgement.[1] She appeals to this Court pursuant to Rule 1.203, Rules of Civil Appellate Procedure, 12 O.S. Ch. 15 App. 2.

■ Plaintiff was served with notice and appeared to defend against the termination. Plaintiff's right to due process may have been violated had she **not** been given that notice. Because, under the law, notice must be given prior to such a hearing, a vote to issue the notice by Board would clearly be superfluous. The Act does not require such notice to be included on the agenda as an item of business to be transacted and voted on prior to issuance and service of the notice before the hearing held at the next meeting.

In her response to Defendants' Motion for summary judgment, Plaintiff cites no specific authority supporting her claim the Act was violated because there was no vote in open session to actually prepare and serve her the notice of the hearing.

■ Plaintiff presents good argument on the general proposition that the Act must be followed, that actions taken in willful violation of the Act are illegal,[2] and that agendas must identify all items of business to be transacted.[3] She also is convincing while arguing that omitting an item from a meeting agenda amounts to lack of notice[4] and that votes of the members must be publicly cast and recorded.[5] She fails to convince us by any authority, however, that these arguments apply to the specific problem herein addressed. Matters alleged to be error, presented simply as argument, unsupported by citations of error, will not be considered by this Court on appeal. *Cavett v. Peterson,* 688 P.2d 52 (Okla.1984). We agree with the trial court's finding of no violation of the Act.

AFFIRMED.

JONES and JOPLIN, JJ., concur.

**1.** The trial court dismissed Defendant Nancy Belvin from the lawsuit because she was not present at the meeting where Plaintiff was fired. Although Plaintiff appealed from this dismissal, we need not address the propriety of the dismissal in that we find Plaintiff presented no cause of action against any of the defendants under the Act.

**2.** 25 O.S.1991 § 313.

**3.** 25 O.S.1992 Supp. § 311(B)(1).

**4.** *Hilliary v. State,* 630 P.2d 791 (Okla.Crim. 1981).

**5.** *Berry v. Board of Governors of Registered Dentists of Oklahoma,* 611 P.2d 628 (Okla.1980).