**William David HENSLEY, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16885.**

Court of Criminal Appeals of Oklahoma.

Jan. 26, 1972.

Justus Hefley, Anadarko, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Frank Muret, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge:

William David Hensley, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Caddo County, Oklahoma for the offense of Burglary in the Second Degree; his punishment was fixed at two (2) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Captain Brown, of the Anadarko Police Department, testified that at approximately 1:25 o'clock a. m., on December 5, 1970, he heard a noise over the burglar alarm system at Tom's Pharmacy in Anadarko, Oklahoma. He and Officer Brundridge proceeded to the store and observed that the front door glass was broken out; the officers crawled through the hole in the front door, and found the defendant crouched down behind a display counter. Upon searching the defendant for possible weapons, four watches were found in his right pants pocket. He testified that the defendant appeared nervous, he had an odor of alcohol about his person, but he did not seem to be intoxicated.

Tom Fritze testified that he was the operator of Tom's Pharmacy, and that prior to leaving his store on December 4, he checked all the doors, and called the police department to make sure that the alarm system was working. Upon returning to the store, he discovered that the front door glass had been broken and merchandise had been thrown around the store. He identified the four watches as being part of a display that he had personally filled just prior to leaving the store.

Officer Masterson testified concerning certain Polaroid pictures which he took at the scene.

Officer Brundridge's testimony did not differ substantially from the testimony of Captain Brown.

Officer Bowman testified that he was directed to watch the defendant in the store while the officers were searching the rest of the building, and that the defendant attempted to escape through the hole in the front of the building, but was unsuccessful.

The defendant testified that on the evening of December 4, he had a couple drinks at a club north of town and became engaged in a fight, and was severely beaten. He was bloody, his face was cut badly, and he almost lost a couple of teeth. Upon walking home, he blacked out, and the next thing he remembered was that he was in some store, and two policemen were holding him. He testified that he did not remember breaking into the building, nor taking the watches. He testified that he attempted to run, because he knew he was in trouble.

Officer Brundridge was recalled in rebuttal and testified that the defendant did not have any blood on him, nor did he have any marks on him when he was first observed in the store.

The first proposition asserts that the Assistant District Attorney propounded an improper, prejudicial question to a potential juror on voir dire examination. The Record reflects that the Assistant District Attorney stated:

"Mr. Rogers, if you're selected as a juror in this case, at the conclusion of the evidence the Court will instruct you on the laws applicable in the case, and I think, the Court will instruct you as follows: 'Every person who breaks and enters any building, or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel, or other structure or erection in which any property is kept or breaks into, or forcibly opens any coin-operated or vending machine, or device, with intent to steal any property therein, or commit any felony, is guilty of burglary in the second degree.' Now, I also think, the Court will further instruct you that burglary is punishable by imprisonment in the penitentiary as follows: 'Section 1, Burglary

in the first degree, for any term not less than seven (7) years, nor more than twenty (20) years. Section 2: Burglary in the second degree. . .

"MR. HEFLEY: Your Honor, we're . . .

"THE COURT: Mr. Edwards, just confine it to burglary . . . second degree.

"MR. EDWARDS: Yes, sir. 'Burglary in the second degree is not exceeding seven (7) years, and not less than two (2) years.' Now, do you understand this law?" (Tr. 13–14)

We need only to observe that the trial court, prior to the Assistant District Attorney's statement, thoroughly explained to the jury the purpose of the voir dire examination. The Court informed the jury that the statement made by the attorneys did not constitute any part of the proof in this case, and further, that they would be the judges of the facts, and that the court was the judge of the law and that the court would instruct them at the conclusion of the case as to the law to be applied by them.

We further observe that the defendant waived voir dire examination, and that he waived all peremptory challenges. We, therefore, are of the opinion that the Assistant District Attorney's improper statement as to the applicable law, absent any showing of prejudice by the defendant, was, at the most, harmless error.

■ The final proposition contends that the Assistant District Attorney made an improper comment in his opening statement. The Record reflects that at the conclusion of the State's opening statement, the Assistant District Attorney stated:

"And it's customary at this time for the defense counsel to make his opening statement advising you of what he will prove in this trial.

"MR. HEFLEY: Your Honor, we're going to object to that.

"THE COURT: You can't Mr. Edwards. Just go over what your proof is going to be.

"MR. EDWARDS: That's all I have, Your Honor, right now." (Tr. 70–71)

We have consistently held that error cannot ordinarily be predicated upon opening statements of the prosecuting attorney, unless such statements were made in bad faith and were manifestly prejudicial. Ragland v. State, Okl.Cr., 404 P.2d 84.

It is apparent from the Record that this was the first case tried by the Assistant District Attorney. In the voir dire examination, the Assistant District Attorney stated:

"I have been here since January and this is my first case, so, in case any of you are nervous just remember that I am too. Now it's my duty as Assistant District Attorney to ask each potential juror certain questions." (Tr. 11–12)

Although we are of the opinion that it is improper for the Assistant District Attorney to comment on the time in which the defense counsel customarily makes opening statements, there is a complete absence of showing of bad faith by the prosecutor. We further observe that the comment was not manifestly prejudicial, that the evidence of defendant's guilt was overwhelming, and, that the jury returned the minimum punishment. We, therefore, find this proposition to be without merit.

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

BRETT and SIMMS, JJ., concur.