**James Edward WALD, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. A–18117.**

Court of Criminal Appeals of Oklahoma.

Aug. 1, 1973.

Ronald Mook, Paul D. Brunton, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Amy Hodgins, Legal Intern, for appellee.

OPINION

BLISS, Presiding Judge:

Appellant, James Edward Wald, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County, Case No. CRF–72–951, for the offense of Robbery With Firearms, After a Former Conviction of a Felony. His punishment was fixed at ten (10) years imprisonment. From that judgment and sentence, a timely appeal has been perfected to this Court.

Arthur Michael Freeland, owner-operator of the Freeland-Brown Pharmacy, 1405 S. Peoria, Tulsa, Oklahoma, testified that on May 6, 1972, he was working in the prescription department located at the rear of his store. At approximately 3:00 p. m. defendant approached the prescription counter and demanded money and narcotics. Following the demand, the defendant produced a weapon from under his belt and suggested Freeland deliver with dispatch. Defendant entered the service area of the prescription department, holding Freeland at gunpoint while Freeland opened the safe. Freeland delivered to defendant approximately sixty dollars ($60) in cash, thirty (30) vials of injectable narcotics, and approximately one thousand five hundred (1,500) tablets classified as narcotics. Freeland, still at gunpoint, accompanied defendant out of the building to one of the store's delivery trucks. Upon his arrival he observed the keys were not in the truck's ignition so he proceeded back inside of the store, intending to obtain them. While proceeding back into the store, he observed defendant walk away from him at a rapid pace with the drugs still in his possession.

Betty McGoldrick, employee of the Freeland-Brown Pharmacy, testified that on the above date defendant approached her and asked to talk with the pharmacist. Her testimony basically corroborated Freeland's testimony, adding a positive identification of defendant as the perpetrator of this offense.

Sandra Aleen White, employee of the above pharmacy, testified that on the above time and date she was working in the store at the front cash register. While in the rear area of the store at approximately 3:20 p. m., she observed defendant behind the prescription counter and also observed defendant walk with Mr. Freeland out of the store. Basically her testimony added an unequivocal identification of defendant as perpetrator of this offense.

Thereafter, the State rested.

Lena Fanning, defendant's mother, Paula Wald, defendant's sister-in-law, and Ruby Moreland, defendant's former sister-in-law, testified that on the day of the robbery defendant was at his mobile home, sleeping the entire afternoon. Generally, their testimony established defendant's alibi to be that he was home asleep at the time this robbery occurred.

Defendant testified that he had never been inside of the Freeland-Brown Pharmacy. Defendant stated that on the date of the robbery, he had stayed home the entire afternoon. Further, he admitted telling arresting officers he had been fishing on the date of the robbery, however, at the time he made those statements he confused the date of the robbery with a prior weekend. Thereafter, the defense rested.

Officer Dan Allen, a Tulsa Police Officer and arresting officer in the instant prosecution, testified in rebuttal, giving details surrounding defendant's arrest. Further, Officer Allen testified defendant listed a different address at the time of his arrest than the address previously mentioned in his alibi defense.

Defendant was found guilty as charged and in the second stage of the trial proceedings, the jury fixed his punishment at ten (10) years imprisonment.

■ In defense counsel's first proposition it is submitted Officer Allen made a statement at trial which constituted an evidentiary harpoon. That statement reads as follows:

"Q. Now at the time you arrested Mr. Wald did you inform him, sir, of what he was being arrested for?

"A. Yes, I did.

"MR. MOOK: Your Honor, if it please the Court, pardon me Pat, I feel that this is improper on rebuttal, it is more—if he wanted this testimony it was more proper to put this on in his case in chief, this isn't in rebuttal to any testimony given by any witness that I called to the stand or that he called to the stand, or in answer to any of the cross-examination questions propounded to any witness that I can recall. I may be corrected, but I do not see any propriety or the procedural correctness of this. If he wishes to move to reopen this case in chief that's up to the Court, it is not proper rebuttal.

"THE COURT: I will reserve ruling on your objection until I see where he is leading to here I think.

"MR. THOMPSON: Read my last question.

(The Reporter reads the last question and answer.)

"Q. Okay, and what was that, please, that you informed him of?

"A. The armed robbery of Freeland-Brown Pharmacy and U-Tote-M Store.

"MR. MOOK: At this time we move for a mistrial, that is an evidentiary harpoon placed into this trial which thoroughly prejudices this trial."

(Tr. 279–280)

This Court has held in considering prejudicial statements made by police officers that unless the case is a close case, error of this nature will not be considered reversible when the evidence overwhelmingly supports the jury's verdict, and the punishment imposed by the jury apparently is not based upon a prejudiced or impassioned deliberation. Washington v. State, Okl.Cr., 426 P.2d 372 (1967). In considering the circumstances in the instant case; that the evidence of defendant's guilt is overwhelming; that the punishment imposed, the minimum of ten (10) years, in light of the fact that the jury's verdict is founded in consideration of prior convictions; that defendant testified in the first stage of his trial proceedings and admitted prior convictions; we find no apparent prejudice resulted from the statement made by Officer Don Allen in his rebuttal testimony. Therefore we find this case falls within the rule set forth in Holt v. State, Okl.Cr., 506 P.2d 561 (1973) which sets forth an evidentiary harpoon may be harmless in light of all circumstances which developed during the course of the trial.

■ In defense counsel's second proposition he submits the trial court erred in permitting a rebuttal witness to remain in the courtroom after the rule of sequestration was invoked. In this regard we need only note the language in Sutterfield v. State, Okl.Cr., 489 P.2d 1345 (1971) which states as follows:

" . . . [W]e need only observe that when the court orders witnesses to be sworn and excluded from the courtroom during the taking of testimony, and a witness violates such rule, it is within the discretion of the court to allow or exclude the testimony of such witness. We further observe that the other witnesses complained of as being the the courtroom, were all rebuttal witnesses, and, therefore, not within the rule."

We therefore find this proposition to be without merit as error was not committed in permitting a rebuttal witness to remain in the courtroom during the time testimony was taken at trial.

■ In defendant's third proposition it is submitted the prosecutor, during voir dire examination, propounded improper questions which called for jurors' opinions on questions of law and their understanding of the meaning of legal terms and expressions. A fair example of the question complained of reads as follows:

"Q. (BY MR. THOMPSON): Mrs. Geeter, and gentlemen, does the term 'reasonable doubt' to you in your mind connote to you beyond all doubt whatsoever? In other words the law implies or gives the State of Oklahoma the burden of proving a person charged with a crime the burden of proving that person guilty beyond a reasonable doubt, but I'm sure all of you have heard the term beyond a shadow of a doubt or beyond all doubt, and what I am asking you, would you hold the State of Oklahoma to a greater degree of proof than the law imposes? Do each of you follow my question?

"MR. MOOK: Pardon me, Pat, I would like to interpose my same objection at this time to those statements.

"THE COURT: I believe that is a fair question, I will overrule." (Tr. 30)

Although there is an inherent danger in pursuing a line of questioning during voir dire examination which inquires into the realm of a legal question, asking a juror whether he understands the burden of proof in the particular case and asking a jury or juror whether he would hold the State to a greater burden of proof than is required by law is a fair and legitimate question. Counsel argues in his brief the prosecutor made an attempt to define reasonable doubt to the jury. It goes without saying that defining reasonable doubt under case authority from this jurisdiction is error. It is this Court's opinion, however, after studying voir dire in its entirety, that

no attempt was made by the prosecutor to define the term of reasonable doubt. Any possible misconception and an asserted error resulting therefrom, was clearly cured by the court's admonition given to the jury in the beginning phase of voir dire examination admonishing the jury the only law they were to consider is that delivered in the court's instructions. Hensley v. State, Okl.Cr., 493 P.2d 849 (1972). There being no prejudice shown, we find this proposition to be without merit.

In defense counsel's fourth proposition it is submitted the cross-examination of defendant is improper and outside the scope of direct-examination. Counsel's argument is based upon the following question and answer:

"Q. Okay, did you ever tell anyone, sir, that you went fishing that weekend?

"A. Yes, I thought when I was first arrested I was trying to place, as near as I could, as to where I was, and me and the kids did go fishing on a weekend, but it was the following weekend and not that weekend.

"Q. So in effect this is more or less the second story that has gone around where you were on May 6th, is that right?" (Tr. 268)

Although we do not necessarily condone the form, we do find the subject of the question to be proper by the affirmative response to the question by the defendant, it is shown a prior inconsistent statement had been made about defendant's alibi. It is proper to bring before the trier of the facts prior inconsistent statements of the accused for the purpose of evaluation of credibility of the accused as a witness. The form and manner in which this question was presented did not prejudice the accused. We therefore find this proposition to be without merit.

Defense counsel submits in the brief of the appellant within the index the incourt identification of defendant was improper. By this statement, since counsel did not present any argument on this particular issue, we presume counsel is suggesting the lineup was tainted by precustody identification by both photographs and lineup. Consequently, we presume counsel submits the procedures used were not in compliance with Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) and United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

In the case of Davis v. State, Okl.Cr., 467 P.2d 521 (1970) this Court stated as follows:

". . . [T]he trial court should conduct a hearing outside the presence of the jury and determine if the pre-trial identification procedure was conducted in accordance with the rule enunciated in United States v. Wade, supra. In the event that the pretrial identification was not conducted in accordance with Wade, but it is established that the incourt identification can be made from an independent source, then the trial court should permit the State to present the incourt identification."

It is apparent from the record that three eyewitnesses identified the accused and their observations and identification related to what they observed at the time the offense was committed. Consequently, the record does not support the identification of the accused at trial to be tainted by any pretrial identification procedures used by law enforcement authorities. See Davida v. United States, 422 F.2d 528 (10th Cir. 1970).

For the above reasons the judgment and sentence is accordingly affirmed.

BRETT, J., concurs in results.

BUSSEY, J., concurs.