**Michael Ray SYKES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-77-1.**

Court of Criminal Appeals of Oklahoma.

Oct. 31, 1977.

Don C. Davis, Lawton, for appellant.

Larry Derryberry, Atty. Gen., Ross N. Lillard, III, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

The appellant, Michael Ray Sykes, hereinafter referred to as defendant, was charged in the District Court, Comanche County, Case No. CRF–75–391, for the offense of Murder in the First Degree, in violation of 21 O.S.Supp.1973, § 701.1. He was tried by a jury, who returned a verdict finding him guilty of the lesser included offense of Manslaughter in the First Degree and assessed punishment at five (5) years in the State Penitentiary. From that judgment and sentence the defendant has appealed to this Court.

In summary, the evidence presented at trial was that Jeffrey Sykes, age 17 months, died on April 27, 1975 of a subdural hematoma. The attendant physicians testified that the child exhibited battered child syndrome. Photographs taken at the hospital were introduced into evidence to show the nature of the child's injuries. The defendant took the stand in his own behalf, and testified that the child had had a seizure and had fallen down. He stated that the marks visible on the child's body in the photographs were not bruises, but a rash. In rebuttal the State introduced a prior inconsistent statement made by the defend-

ant to investigating officers, to the effect that he had caused the bruises on the child's body.

■ The defendant's first assignment of error pertains to the photographs of the child. He argues that they had no probative value, and were admitted solely to inflame the jury. The general rule as to the admissibility of photographs is that they are admissible when they are relevant to the issues before the court, and when their probative value is not out-weighed by the danger of prejudice to the accused. See *Pate v. State*, Okl.Cr., 361 P.2d 1086 (1961). All of the witnesses testified that the photographs accurately depicted the child as he appeared at the hospital. That appearance was clearly relevant to the State's case. The photographs had great probative value, and their admission was clearly not error. This assignment of error is without merit.

■ In his second and third assignments of error the defendant complains of the use of the prior inconsistent statement given by the defendant to investigating officers. In his second assignment he contends that the statement, which was used to impeach his credibility, should have been treated as a confession, thereby requiring an in camera hearing to determine the admissibility of the statement. This issue is controlled by *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), in which the United States Supreme Court held that a prior inconsistent statement could be properly used to impeach the accused's credibility as a witness, notwithstanding its inadmissibility as a part of the State's case in chief:

"Having voluntarily taken the stand, petitioner was under an obligation to speak truthfully and accurately, and the prosecution here did no more than utilize the traditional truth-testing devices of the adversary process." 401 U.S., at p. 225, 91 S.Ct., at p. 645, 28 L.Ed.2d, at p. 4.

See *Dandridge v. State*, Okl.Cr., 519 P.2d 529 (1974), for our previous discussion of this issue. The defendant's second assignment of error is also without merit.

■ The defendant's third assignment of error is in two parts, the first of which is answered by our discussion of his second assignment. He maintains that since the statement should have been treated as a confession, he should have been allowed to introduce the entire text after the State had been permitted to introduce his answers to specific questions. But as we have already stated, the statement did not merit treatment as a confession. The defendant's answers were not introduced as proof that the matter asserted therein was true, but were used solely for the purpose of impeachment. For this reason we hold that the trial court was correct in refusing to allow introduction of defendant's answers to all questions in the statement.

■ Secondly the defendant claims that the trial court should have been under a duty to instruct the jury that the statement could not be considered by the jury as substantive evidence, since it was introduced in rebuttal, after the defense had rested, for the sole purpose of impeaching the defendant's credibility. The defendant relied exclusively on *Leeks v. State*, 95 Okl.Cr. 326, 245 P.2d 764 (1952), where we held it reversible error for the trial court to fail to so instruct the jury. However, in that case a large part of the evidence presented by the State was offered for impeachment purposes, which was not the case here.

In *Foreman v. State*, 38 Okl.Cr. 50, 259 P. 176 (1927), we held that the failure to give a limiting instruction on impeachment testimony is not always reversible error. In the instant case a review of the entire transcript indicates that the failure of the trial court to give the limiting instruction, which was not requested, did not result in any harm to the defendant. In addition we note that the sentence given the defendant by the jury is only one year greater than the statutory minimum, which belies the defendant's arguments of prejudice. The defendant's third assignment of error is without merit.

■ Finally, the defendant contends that he was denied his sixth amendment right to a speedy trial. As we have discussed in

previous cases, the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), set out a balancing test to be used in evaluating speedy trial claims. See *Bauhaus v. State*, Okl.Cr., 532 P.2d 434 (1975); and *Glover v. State*, Okl.Cr., 557 P.2d 922 (1976). The record establishes that the defendant was initially charged on May 16, 1975, and that his trial ultimately commenced on May 17, 1976. The record also reveals that during this year of preliminary proceedings, approximately two-thirds of the delays were caused by the defendant. For this reason we find that this assignment of error is without merit.

For the above and foregoing reasons, it is the opinion of this Court that the judgment and sentence appealed from should be, and the same is hereby *AFFIRMED.*

CORNISH and BRETT, JJ., concur.