**Cora Mae MANNING, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–79–401.**

Court of Criminal Appeals of Oklahoma.

June 11, 1981.

---

Smith & Wright by Newell E. Wright, Jr., and Thomas B. Goodwin, Cheyenne, Burst & Dewart by Richard O. Burst, Sr., Guthrie, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., Susan M. Otto, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

This is an appeal by Cora Mae Manning from a conviction for Manslaughter in the First Degree in the District Court of Beckham County, Oklahoma, Case No. CRF–78–104.

On November 25, 1978, the appellant was inside her home with two visitors, Dorothy Tiller and Ray Marshall, when, according to Marshall's testimony, the victim, appellant's husband, Jerry Manning, walked toward the house. At that same moment, Marshall testified, the appellant stepped in front of him, and both visitors heard a loud blast from within the house. When Cora Mae Manning turned around, she was holding a .243 caliber Revelation rifle. She then told both visitors to leave.

Shortly thereafter, Sheriff Billy Redmon found the victim lying on the front porch dead of a gunshot wound. In the house he found the appellant and the Revelation rifle which smelled of gunpowder. Dr. Nicholas Forbes performed an autopsy and concluded that, because of the large entry wound, a shotgun was the cause of death. However, after noting that neither wadding nor small pellets were found in the body, he revised his opinion to conform with that of the County Medical Examiner, Dr. Whinery; viz, that the deceased died of a gunshot wound which probably resulted from a high velocity rifle.

█ The first two assignments of error allege that there was insufficient evidence to bind the appellant over for trial and that, due to the insufficiency of the evidence, the trial court erred in overruling the appellant's Motion to Quash, Set Aside Information, and Dismiss. The appellant concedes that the State's burden at the preliminary hearing is to show that there is reasonable cause to believe both that a crime was committed and that the accused committed the crime. *Baker v. State*, 593 P.2d 100 (Okl.Cr.1978). At the preliminary hearing, the evidence submitted by the State showed that the victim was fatally shot and that the appellant was at the scene of the crime with a .243 caliber rifle in her hands when the shot was heard by the witnesses. Even though there was conflicting testimony regarding the type of weapon which caused the wound, there was sufficient probable cause to bind the appellant over for trial, and the trial court's overruling of the appellant's Motion To Quash was not an abuse of discretion. *Turner v. State*, 549 P.2d 1346 (Okl.Cr.1976), *State v. Bell*, 13 Okl.Cr. 664, 166 P. 451 (1917).

█ As her third assignment of error, the appellant argues that the trial court unreasonably restricted the voir dire examination by refusing to allow her counsel to inquire as to the jurors' understanding of the burden of proof in a criminal case. This Court has consistently held that examination of jurors for qualification cannot be determined by any definite, unyielding rule but remains within the sound discretion of the trial court. There is no abuse of this discretion so long as the voir dire questioning is broad enough to afford the appellant a jury free of outside influence, bias or personal interest. *Stott v. State*, 538 P.2d 1061 (Okl.Cr.1975); *Henderson v. State*, 385 P.2d 930 (Okl.Cr.1963); *Payne v. State*, 276 P.2d 784 (Okl.Cr.1954). In Oklahoma, the instructions given to the jury are the responsibility of the judge. *Nichols v. State*, 564 P.2d 667 (Okl.Cr.1977), *Turman v. State*, 522 P.2d 247 (Okl.Cr.1974). The issue of burden of proof is properly addressed in the trial court's charge to the jury and in opening and closing statements of counsel. The defense counsel's desired line of questioning was relevant to general instructions on the law, not to the proper scope and objective of voir dire, which is discovering any bias of the jurors. Thus the trial court did not abuse its discretion.

█ Fourth, the appellant alleges that she was denied the right to testify in her own behalf because the trial court declined to rule until she actually took the stand on whether a prior inconsistent statement could be used to impeach her testimony. The trial court ruled that the State could not use a statement the appellant had given to the district attorney's office during its investigation of the crime without first

holding a hearing as to whether appellant had been given proper *Miranda* warnings. No hearing was held. The State agreed not to use the statement during presentation of its case-in-chief, but reserved the right to use the appellant's statement to impeach her testimony if she took the stand. The trial court then indicated that the admissibility of evidence of that statement would be determined when and if the appellant chose to take the stand.

The appellant claims that this deferment of a decision on the statement effectively denied her the right to produce testimony on her own behalf, a due process right guaranteed by both the Constitution of the United States and the State of Oklahoma. U.S.Const. Amends. VI and XIV; Okla. Const. art. 2, § 7. We disagree. Appellant was never barred from taking the stand in her own defense. The United States Supreme Court has held that even though evidence may be inadmissible against an accused during the prosecution's case-in-chief, it is not barred for all purposes, as long as the trustworthiness of the evidence satisfies legal standards. *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971). See, *Sykes v. State*, 572 P.2d 247 (Okl.Cr.1977); *Wald v. State*, 513 P.2d 330 (Okl.Cr.1973). The trial judge stated that the admissibility of the evidence would be determined when the appellant took the stand. Under these circumstances it does not appear that she was unreasonably deterred from testifying in her own defense by the failure of the court to rule on the disputed statement prior to her direct testimony.

The appellant urges, as her fifth argument, that admission by the trial court of testimony by the State's witness, Jody Allen, was erroneous and highly prejudicial. Allen testified that, approximately ninety minutes prior to the fatal shooting, the appellant asked him if he knew where her husband was. When he told her he had last seen him in Erick, she stated: "I ought to blow his god damn ass off."

The appellant argues that this statement could only have been introduced to prove her intent to shoot her husband, and that,

since intent is not an element of first degree manslaughter, the statement was irrelevant. She further alleges that, even if the statement were relevant, its admission would be error because any probative value it might have would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading of the jury. This Court has long held that the issue of relevance is within the trial court's discretion, *Noah v. State*, 562 P.2d 950 (Okl. Cr.1977), and that the lower court will not be reversed absent a showing of severe prejudice or a breach of appellant's fundamental rights. *Mills v. State*, 594 P.2d 374 (Okl.Cr.1979). Further, a jury verdict of twenty-eight (28) years' imprisonment for Manslaughter in the First Degree does not reflect undue prejudice.

While it is true that intent is not an element of Manslaughter in the First Degree, the Oklahoma statute under which the appellant was charged defines manslaughter as homicide committed in the heat of passion. Title 21 O.S.1971, § 711(2). Appellant's statement was indicative of her general disposition ninety minutes before the shooting and would therefore be relevant to a determination of her state of mind at the time of the crime. This Court has long recognized the principle that "where hostile emotions at a particular time are to be proved in a case, the existence of the same emotion in the same person at another time is proper evidence." II Wigmore on Evidence, § 396 (3rd ed. 1940). In marital homicide cases, a statement showing ill-feeling, threats or similar conduct by one spouse toward the other is relevant to show motive or malice. *Wadley v. State*, 553 P.2d 520 (Okl.Cr.1976).

In her sixth and seventh propositions of error, the appellant challenges the jury's verdict as contrary to both the law and the evidence. The appellant cites the rule established by this Court that when evidence is wholly circumstantial it must exclude every reasonable hypothesis other than that of guilt in order to form the basis of conviction. *Williams v. State*, 478 P.2d 359 (Okl.Cr.1970). She argues that the evidence was insufficient as a matter of law because it did not prove her guilt beyond a

reasonable doubt or exclude every reasonable hypothesis other than that of guilt. This Court has consistently held that the State's case for homicide may be entirely grounded on circumstantial evidence. *Moran v. State*, 555 P.2d 1085 (Okl.Cr.1976); *Drake v. State*, 437 P.2d 461 (Okl.Cr.1968); *Ridinger v. State*, 97 Okl.Cr. 377, 267 P.2d 175 (1954). In such cases, the jury may exclude every reasonable hypothesis except guilt without excluding absolutely every hypothesis except guilt. *White v. State*, 607 P.2d 713 (Okl.Cr.1980). When applying this rule, only the State's evidence is considered, and any conflict between the State's evidence and the appellant's evidence is for the jury's consideration. *Gray v. State*, 561 P.2d 83 (Okl.Cr.1977).

■ The appellant claims that the testimony of Dr. Nicholas Forbes, the State's medical examiner, and Mr. Thomas Jordan, firearm's expert, conflicted because Dr. Forbes' initial examination led him to believe the victim died of a shotgun wound. However, Dr. Forbes later changed his opinion to agree with Mr. Jordan that the fatal wounds were caused by a gunshot. Sheriff Redmon testified that the fired cartridge did belong to the rifle taken from the appellant's home and that the rifle was operable. He also explained the reason no gun powder residue was present on either the curtain or screen door. Since there was no conflict in the State's evidence, the determination of guilt was a matter for the jury. The jury found the appellant guilty beyond a reasonable doubt. We find that the evidence was sufficient as a matter of law; therefore the jury was justified in its finding that every reasonable hypothesis except guilt was eliminated.

■ The appellant claims in her eighth assignment of error that the jury's assessment of twenty-eight (28) years' imprisonment is excessive, therefore constituting cruel and unusual punishment in violation of her constitutional rights. U.S.Const. Amend. VIII; Okla.Const. art. 2, § 9. The punishment for First Degree Manslaughter in Oklahoma is imprisonment for not less than four (4) years. Title 21 O.S.1971,

§ 715. We have consistently held that, where the punishment is within the legal limits, the finding will not be disturbed on appeal unless the sentence shocks the conscience of this Court. *Moran v. State*, 555 P.2d 1085 (Okl.Cr.1976); *Poke v. State*, 515 P.2d 252 (Okl.Cr.1973). This case does not present a basis for modification.

The final assignment of error, that this Court should reverse the verdict based on the accumulation of errors, has no merit.

■ The appellant was represented at trial by court-appointed counsel and her appeal was lodged at State expense. Thereafter retained counsel filed a supplemental brief asserting that appellant had been represented by ineffective counsel. After carefully reviewing the record of trial and the brief filed in support of this appeal, we conclude that this supplemental assertion is without merit. *Johnson v. State*, 620 P.2d 1311 (Okl.Cr.1980).[1]

The record reflects that defense counsel at this trial did exercise the skill, judgment and diligence of a reasonably competent defense attorney. Notwithstanding the absence of the transcript of preliminary examination, counsel competently cross-examined the pathologist concerning his report that the wound had been caused by a shotgun and at trial corrected his opinion that it was caused by a rifle shot. Likewise, the raising of an insanity defense is a judgment to be determined by counsel at the time of trial, and we are unpersuaded that his judgment was less than competent.

The judgment and sentence is AFFIRMED.

BUSSEY, J., and LINDLEY, Special Judge, concur.

CORNISH, J., disqualified himself and GEORGE W. LINDLEY, Judge, Stephens County, Oklahoma, was appointed to serve as special judge in this case.

---

1. The standard for effective assistance of counsel is that of reasonable competence.