Patricia Ann COSLOW, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–314.

Court of Criminal Appeals of Oklahoma.

Jan. 13, 1988.

Pete Gelvin, Asst. Public Defender, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Patricia Ann Coslow, was convicted in the District Court of Oklahoma County, Case No. CRF-84-3677, for the crime of Robbery with Firearms After Former Conviction of Two or More Felonies, was sentenced to twenty-five (25) years imprisonment, and brings this appeal.

The facts as disclosed by the record reveal that on July 19, 1984, the appellant invited two friends over for dinner. While she was away from the table, one of the friends allegedly put some "acid" containing LSD and PCP into appellant's salad without appellant's knowledge. Later that night, appellant, along with the other friend, entered and robbed a local convenience store. Appellant recalls having gone to a night club that evening, but not having robbed the store. She also claims that she doesn't recall the events of the next few days.

On July 26, 1984, an Oklahoma City police officer observed a handgun being thrown from a car in which appellant was riding. He stopped the car, recovered the gun, and placed appellant under arrest. After trial before a jury, appellant was convicted and sentenced to 25 years imprisonment.

As her first assignment of error, appellant claims that the trial court abused its discretion in refusing to qualify a defense witness as an expert. A witness may be qualified as an expert under the Oklahoma Evidence Code by experience, and may testify to specialized knowledge if it will assist the trier of fact to understand the evidence or determine a fact in issue. 12 O.S.1981, § 2702. The witness in this case was the director of the STAT Program for Drug Recovery, Incorporated. His duties were to counsel with and treat drug and alcohol offenders referred to the program. He testified that he had spent several hundred hours in seminars and classes on drug recovery. He also testified that he had been a drug user for 30 years, during which he had taken LSD.

█ When defense counsel asked whether a person taking LSD and PCP knew right from wrong, objection by the prosecution was sustained by the court on the grounds that the witness was not qualified to answer that question as an expert. It is the opinion of this Court that the ruling was correct. While the witness had used the drug and had specialized knowledge of how it had affected him, and had also observed the conduct of other users, there is nothing to suggest that he had any specialized knowledge as to whether people in general who used LSD and PCP could distinguish right from wrong. In fact, he testified to the contrary, stating that, "There just is no one way that people act on it, because it depends on the person."

█ The witness clearly could have qualified as an expert user of drugs testifying to the impairment he suffered when using them, or as a drug recovery counselor testifying to treatments for recovery had they been relevant, but it does not appear on the record that the witness was qualified as an expert to testify concerning impairment of

moral judgment of drug users in general. The question of competency of a witness to testify as an expert is largely a matter of discretion for the trial court and it requires clear proof of error to warrant reversal. *Foster v. State,* 657 P.2d 166 (Okl.Cr.1983); *Box v. State,* 541 P.2d 262 (Okl.Cr.1975). There is no clear proof of the witness' qualification to testify concerning impairment of moral judgment of drug users, and reversal will not be granted as there is no demonstration that the trial court abused its discretion.

Appellant also asserts that mistrial should have been granted after a State witness, a police officer, gave an unresponsive answer to the prosecutor's question, indicating that he had received a radio message of an armed robbery on the morning of the arrest. The defense objected, which objection was sustained, and the court admonished the jury to disregard the answer.

Despite the admonishment, appellant asserts that "[t]he bell was rung ... [and] could not be unrung." She argues that an evidentiary harpoon had been thrust, requiring reversal of the conviction.

■ This Court identified certain features often present when an evidentiary harpoon has been found in *Bruner v. State,* 612 P.2d 1375 (Okl.Cr.1980). Generally, 1) they are made by experienced police officers, 2) they are made voluntarily, 3) they are willfully jabbed rather than inadvertent, 4) they inject information indicating other crimes, 5) they are calculated to prejudice the defendant, and 6) they are prejudicial to the rights of the defendant on trial. In this case, the officer's statement was made voluntarily, was not responsive to the question asked, and injected information indicating another armed robbery. Assuming the prejudice was calculated, the issue remains whether there was actual prejudice. To determine this, the court generally looks to excessiveness of the punishment and the weight of the evidence. *Wald v. State,* 513 P.2d 330 (Okl.Cr.1973).

The potential range of punishment for the crime of which appellant was convicted is 20 years to life imprisonment. Appellant was sentenced to 25 years.

The evidence of the commission of the crime includes identification of the appellant as the perpetrator by photographs, testimony, and stipulation. There was conflicting evidence as to whether appellant was in control of her faculties. Appellant's friend testified that appellant was hallucinating, while the store clerk said that appellant appeared "[j]ust normal. She seemed in control of everything." The jury was instructed on the defense of involuntary intoxication, but apparently chose to believe the store clerk. Where there is conflicting evidence from which the jury could reasonably conclude that defendant was guilty as charged, the reviewing court will not interfere with the verdict. *Tarver v. State,* 651 P.2d 1332 (Okl.Cr.1982).

Because there was more than sufficient evidence to convict the appellant in this case, and because the punishment given was relatively light in relation to the possible range, this Court finds no actual prejudice to appellant's rights as a result of the officer's unsolicited statement.

Finally, appellant asserts that the prosecutor relied on the harpoon when he asked appellant on cross-examination whether she was knowingly under the influence of drugs on the date of her arrest. This Court does not believe that the question in its context implies anything about an armed robbery on the date of the arrest, and apparently defense counsel agreed, as no objection was raised. Without an objection and absent fundamental error, this Court will not consider the issue on appeal. *Aumiller v. State,* 720 P.2d 347 (Okl.Cr.1986).

The judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.