**Ludie Darnell INGRAM, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-78-554.**

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1980.

---

Demetri Anastasiadis, Asst. Public Defender, for appellant.

Jan Eric Cartwright, Atty. Gen. of Oklahoma, Duane N. Rasmussen, Asst. Atty. Gen., Cary E. Hiltgen, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Ludie Darnell Ingram was tried for Rape in the First Degree in the District Court of Oklahoma County, Case No. CRF–77–3903. The facts presented to the jury were that the appellant, who was nineteen, picked up a thirteen–year–old girl at an Oklahoma City school and took her to a friend's house. The girl said the appellant immediately assaulted her, forcing her to undress and submit to his sexual attack. The appellant testified that they sat in the house for a while smoking marihuana and drinking wine, that they then engaged in consensual intercourse, and that afterwards the girl got upset and ran from the house. The jury returned a verdict of guilty and sentenced the defendant to fifteen (15) years' imprisonment.

■ The first assignment of error is that the appellant should have been allowed to testify in detail about the effects the marihuana smoking had upon him. He vigorously argues that in this particular case a distinction should be drawn between voluntary intoxication and temporary insanity. The appellant allegedly smoked marihuana which was more potent than he had expected, and he says that, even though this marihuana was voluntarily consumed, the unanticipated effect should have been sufficient to qualify him as temporarily insane when the rape occurred. Under Oklahoma law, a person is presumed to be sane until evidence is introduced otherwise. *Jones v. State*, Okl.Cr., 479 P.2d 591 (1971). In order to raise a defense of insanity, a defendant must introduce sufficient evidence to raise a reasonable doubt as to his sanity, *Gonzales v. State*, Okl.Cr., 388 P.2d 312 (1964), and if he can do this, then, as with all other issues of fact, the burden is on the State to prove sanity beyond a reasonable doubt. *Whisenhunt v. State*, Okl.Cr., 279 P.2d 366 (1954).

In the present case, the appellant offered no evidence other than his own testimony to support his claim of temporary insanity. Even if his testimony had been allowed, it, standing alone, would not have been sufficient to rebut the presumption that the appellant was sane at the time the rape occurred. Therefore, the exclusion of the appellant's testimony concerning his mental condition was not error.

The appellant's other three assignments of error pertain to the closing argument. But, except for one or two minor transgressions, the district attorney's arguments did not go beyond the bounds of acceptable argument. And, on those occasions when the prosecutor did err in his argument, the trial court gave good admonitions. The State asked for a thirty–year sentence against the appellant, but the jury imposed one of only fifteen years.[1] In view of the facts of the case, this Court does not believe the appellant has succeeded in establishing that he suffered any prejudice as a result of the State's argument.

The judgment and sentence are AFFIRMED.

CORNISH, P. J., and BUSSEY, J., concur.

---

1. In its brief the State asserts that fifteen years is the minimum sentence for Rape in the First Degree. This is incorrect. In 1965, the Legislature amended 21 O.S.1961, § 1115, changing the minimum sentence for Rape in the First Degree from fifteen years to five years. And that is still the law. See 21 O.S.1971, § 1115.