Donald BOWERS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–80–282.

Court of Criminal Appeals of Oklahoma.

July 12, 1982.

R. Michael Cantrell, Cantrell, Gust & Associates, Midwest City, Stephen P. Dixon, Morris, Bailey, Sumner & Dixon, Midwest City, for appellant.

Jan Eric Cartwright, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant, Donald Bowers, was tried for the crime of Murder in the First Degree, in violation of Laws 1976, ch. 1, § 1, now 21 O.S.1981, § 701.7, in Cleveland County District Court Case No. CRF–78–734. The jury found the appellant guilty of Manslaughter in the First Degree and set punishment at fifty (50) years' imprisonment. The trial court sentenced the appellant in accordance with the jury's verdict.

On the night of November 13, 1978, the appellant, Donald Bowers, offered to give Vicky Pendry and Cretia Lynn Perrin, two employees of the Wells Fargo Bar and Restaurant, a ride home. Bowers took Ms. Pendry home first to Midwest City. The appellant and the deceased, Ms. Perrin, then went to the appellant's apartment where they argued and then left in the appellant's car. The appellant stopped the car in the area of South 104th and Peebly Road, where he and the deceased talked awhile. At that time, Ms. Perrin grabbed at the choker around the appellant's neck. He became enraged and choked her until she became unconscious. The appellant then pulled Ms. Perrin out of his car and pushed her down an embankment. The appellant stated in his confession that he did not check to see if she were alive before he pushed her down the embankment. The appellant was taken into custody and questioned about the death after it was learned that he was the last person seen with Ms. Perrin. The appellant was given the *Miranda* warnings twice and subsequently confessed to strangling Ms. Perrin. The appellant's confession was taped by the of-

ficers and put into evidence by the prosecutor. The appellant also signed a waiver of consent and told the officers where they could find in his apartment various personal items which belonged to the deceased.

The defense presented a psychologist as an expert witness to attempt to establish that the appellant was insane at the time he committed the criminal act.

It is first alleged that the trial court erred in denying the appellant's motion to suppress his oral confession. The appellant argues specifically that police "conduct, when considered in light of the defendant's personality traits and mental state" raised serious questions as to the voluntariness of this confession and further that improper *Miranda* warnings were given prior to his confession. We find the appellant's claims to be without merit.

Prior to the admission into evidence of the taped confession, the judge conducted an evidentiary hearing outside the presence of the jury in accordance with *Tice v. State*, 478 P.2d 916 (Okl.Cr.1971). During the evidentiary hearing, counsel for the defense presented evidence of the alleged improper police conduct and the appellant's psychological background to the court for consideration. In denying the motion to suppress, the judge considered the statements presented and those given at the preliminary hearing and came to the conclusion that the appellant's confession was voluntarily made. The judge then properly allowed the issue of voluntariness to be considered by the jury. *Rathbun v. State*, 506 P.2d 983 (Okl.Cr.1973).

Also, a reading of the transcript shows that the appellant was advised of his *Miranda* warnings twice before he confessed; this when considered with the conversation which took place just prior to the appellant's confession, convinces us that there is indeed ample evidence upon which a viable waiver can be found.

Q. (by Detective Baldwin) Donald, I've told you several times that I'm Detective Baldwin, right?

A. Yes.

Q. Oklahoma City Police Department, and Detective Lewis. Okay. You're Donald Bowers, right?

A. Right.

Q. How old are you?

A. Twenty-five.

Q. Okay. Of course, you know that we are investigating into the death of Cretia Perrin, and it was reported that you were the last person to see her with [sic]. And we've advised you of your Constitutional Rights. Detective Lewis here advised you of your rights and you told him that you understood what your rights were, is that correct?

A. Yes.

Q. Do you want to tell us what happened to Cretia?

A. Yeah.

Q. Okay. Just go ahead and tell us.

This Court will not disturb the trial court's ruling permitting the introduction of a confession when supported by sufficient evidence that the appellant knowingly and intelligently waived his rights and understood the consequences of the waiver. *Cleveland v. State*, 566 P.2d 144 (Okl.Cr. 1977). We find sufficient evidence existed for the trial court to find that the appellant voluntarily waived his rights. *Moreno v. State*, 504 P.2d 1241 (Okl.Cr.1977). Therefore, this allegation of error is without merit.

■ The appellant alleges in his second proposition of error that he was incapable of voluntarily consenting to a search of his apartment, hence, the evidence obtained from the search of his apartment was inadmissible.

According to the transcript, when the appellant signed the consent to search form, he was able to hold coherent and rational conversations with the police officers and he was able to accurately describe where evidence could be and eventually was, found. Thus, there is sufficient evidence to support the State's claim that the appellant knowingly and voluntarily consented to the search form.

The appellant relies upon the opinion of Dr. Gordon Bates, Ph.D. in psychology. Dr. Bates stated that the free will of the appellant had been broken down and overborne by the time that he signed the consent-to-search form, therefore, the appellant was incapable of giving a voluntary waiver.

As this Court stated in *Coon v. State*, 587 P.2d 1373 (Okl.Cr.1978),

Although the evidence was conflicting, there was competent evidence to support the trial court's finding that the defendant knowingly and voluntarily consented to the search. We have previously held that under such circumstances considerable weight must be given to the trial court's finding and that this Court will not reverse where the ruling is based upon competent evidence reasonably tending to support the finding. (Citations omitted)

We therefore find that the appellant's second proposition of error is without merit.

Third, the appellant contends that the jury's verdict was against the clear weight of the evidence, that the jury should have returned a verdict of not guilty by reason of insanity, and the trial court erred in not granting his Motion for Judgement Notwithstanding the Verdict.

■ The appellant argues that when the testimony of Dr. Bates was introduced, a reasonable doubt as to the sanity of the accused was raised and it became incumbent on the State to introduce expert testimony establishing the appellant's sanity beyond a reasonable doubt. This assertion presumes that the jury was bound to give credence to the opinion of Dr. Bates. This is not the law in Oklahoma, rather as we stated in *Dare v. State*, 378 P.2d 339 at 346 (Okl.Cr.1963):

The testimony of experts is not conclusive on the issue of mental capacity since the law makes no distinction in weighing evidence between expert testimony and evidence of other character. (citation omitted);

and

On murder prosecution, the question of insanity at the time of the commission of

the crime, presents a question of fact for the sole determination of the jury, and where there is any evidence tending to support the finding it is not the province of the appellate court to weigh the same. (citation omitted).

See also *Jones v. State*, 479 P.2d 591 (Okl. Cr.1971). We have carefully examined the transcript and are of the opinion that because the evidence was sufficient to support the jury's verdict, the appellant's Motion for Judgment Notwithstanding the Verdict was properly denied.

■ Next, the appellant contends that the jury's assessment of fifty (50) years' imprisonment was excessive, therefore constituting cruel and unusual punishment in violation of his constitutional rights. U.S. Const.Amend. VIII; Okl.Const.Art. 2, § 9. In support of this allegation of error, he argues he should have received a shorter sentence because his mental state was defective at the time of the act and that the prosecutor's closing argument was prejudicial.

It is our opinion that neither of these reasons justifies modification of the sentence. The jury heard evidence concerning the mental state of the appellant and therefore was able to consider it when determining his sentence. With regard to the prosecutor's argument, the appellant does not cite any specific statements made by the prosecutor as error but rather merely makes broad general allegations of error. After reading the closing argument, we find no justification for modification.

Also, we have stated many times: "where the punishment is within the legal limits, the finding will not be disturbed on appeal unless the sentence shocks the conscience of this Court." *Manning v. State*, 630 P.2d 327 (Okl.Cr.1981). The punishment for First Degree Manslaughter in Oklahoma is imprisonment not less than four (4) years. Title 21 O.S.1981, § 715. The sentence was within the legal limits and considering the circumstances of the crime, we do not find any modification of the sentence necessary.

■ Finally, the appellant argues that many errors of law occurred during the trial which constituted cumulative error sufficient to require a reversal. The appellant cites no authority nor does he supply argument in support of his bare assertion of error. As we stated in *Sandefur v. State*, 461 P.2d 954 (Okl.Cr.1969):

It is necessary for counsel . . . not only to assert error, but to support his contentions by both argument and the citations of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this court will not search the books for authorities to support the mere assertion that the trial court has erred.

For the above and foregoing reasons, the judgment and sentence appealed from is Affirmed.

BUSSEY and CORNISH, JJ., concur.