Gary Dean **FRAZIER**, Appellant,

v.

**STATE of Oklahoma**, Appellee.

No. F–83–607.

Court of Criminal Appeals of Oklahoma.

Sept. 10, 1985.

Thomas J. Ray, Jr., Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Gary Dean Frazier was convicted in Oklahoma County District Court of First Degree Rape, Anal Sodomy, and Kidnapping. He received sentences of ten years', ten years', and two years' imprisonment, respectively. The only error asserted on appeal is the trial court's failure to give a cautionary instruction regarding identification evidence, notwithstanding a request for such an instruction was never made.

The facts surrounding these crimes are as follows: The victim, R.G., was accosted by a black man who had appeared at her car door in the early morning hours of December 30, 1982, while she warmed up her automobile in preparation to leave a truck stop. She had returned to the truck stop at 3:00 a.m. from traveling with a friend to Erick, Oklahoma who picked up a load of salt water. Appellant forced her to the floor of the passenger side and he started driving the automobile. He made her keep her head on the seat, but not until after she had viewed him for about 30 seconds and had also seen the gun he carried. She testified she could easily see appellant and her view was enhanced by the dome light and rear overhead lights of the vehicle.

R.G. testified she viewed appellant a second time when the inside lights came on again while appellant's companion entered the automobile to drive it and she was forced to the back seat where she was raped and sodomized. When exiting R.G.'s vehicle, appellant and his companion were noticed by airport police officers as was the other companion who had followed in his automobile. The driver of that vehicle was arrested and R.G. flagged down a second officer.

Sometime after the attack, R.G. was shown a photographic array of suspects which included appellant's picture and she was unable to make a positive identification of any. She was not shown a live lineup. She later identified appellant at his preliminary hearing and at trial as the culprit. She explained on cross-examination that she identified appellant in person but not from the picture because the picture did not portray the darkness of appellant's skin she had described to police officers, nor his tall, muscular frame, including long slender hands and arms, (we must assume her description is accurate since appellant failed to include the photographs, though they were introduced into evidence at trial). R.G. never identified anyone but appellant as her assailant.

At trial, the two companions of appellant also testified that it was appellant who attacked R.G. They had followed appellant in R.G.'s automobile until one went to her automobile and drove it. This companion testified he heard R.G. moan and cry in the back seat.

Appellant argues that R.G.'s failure to identify appellant's picture in the photographic lineup warranted a cautionary instruction. We do not agree.

We have incorporated in our law the requirement that an objection and a written requested instruction must be submitted to the trial court in order to preserve error in the court's instruction. See, *e.g., Barnhart v. State*, 559 P.2d 451 (Okl. Cr.1977). See also *Gee v. State*, 538 P.2d 1102 (Okl.Cr.1975), involving cautionary instruction of informant's testimony. If the instructions generally cover the subject matter of inquiry and there is no fundamental error, this Court will not reverse the cause for want of a particular instruction *Barnhart,* supra, citing *Luckey v. State*, 529 P.2d 994 (Okl.Cr.1974) and *Nubine v. State*, 506 P.2d 952 (Okl.Cr.1973). The trial court did instruct the jury:

> You are the sole judges of the believability of each witness and the value to be given the testimony of each. You should take into consideration the witness's means of knowledge, strength of memory and opportunities of observation. Also consider the reasonableness, consistency or inconsistency of the testimony. You should also consider the bias, prejudice or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand and all other facts and circumstances that affect the believability of the witness.

This sufficiently apprised the jury of their responsibility to weigh the credibility of each witness' testimony.

R.G.'s testimony did not suffer the infirmities the majority found in the testimony of the victim in *McDoulett v. State*, 685 P.2d 978 (Okl.Cr.1984). R.G. gave an accurate description of her assailant (or at least it is not contradicted) and her observation of him was not of such a short duration to raise serious doubt. It also was corroborated by appellant's accomplices who testified against him at trial. While appellant's brief refers us to many cases and articles regarding misidentified criminal defend-

ants, we are not persuaded that this was a real possibility in the present case.

Judgments and sentences are AFFIRMED for the foregoing reasons.

PARKS, P.J., and BRETT, J., concur.