**Marshall BATSON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F-83-761.**

Court of Criminal Appeals of Oklahoma.

Aug. 19, 1986.

Thomas G. Smith, Jr., Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen. of Oklahoma, Tomilou Gentry Liddell, Asst. Atty. Gen., Deputy Chief, Criminal Div., Oklahoma City, for appellee.

## OPINION

BRETT, Judge.

The appellant, Marshall Batson, was charged with Second-Degree Burglary, After Former Conviction of Two or More Felonies (21 O.S.1981, §§ 1435 and 51) in the District Court of McIntosh County, Case No. CRF-82-109. The jury returned a verdict of guilty and set punishment at twenty-five (25) years' imprisonment.

At approximately 1:30 p.m. on October 8, 1982, Jerry Needham, a teacher and bus driver for the Checotah Public School System, dropped off Lawrence Selby's children at their home. The older child, Suzanne

Selby, noticed an unfamiliar car in the driveway and asked Mr. Needham to wait. As Suzanne approached the house, two black men came out of the house with her stereo and a pillowcase. The men got into the car and sped away. Mr. Needham telephoned the police with a description of the car and the license tag number.

About thirty minutes later, the appellant and Steve Brown were stopped by Muskogee police officers approximately twenty-five miles from Checotah. Brown was driving the car that matched Needham's description, and appellant was in the front passenger's seat. The two men were arrested, and goods stolen from the Selby residence—a stereo, a tape recorder, and two jewelry boxes—were recovered from the trunk of the car.

■ The first assignment of error alleges that prosecutorial misconduct deprived appellant of a fair trial and corrupted the jury's determination of sentence. We have reviewed the record and find that many of the comments were not error but fair comments on and inferences from the evidence. One statement, however, clearly constituted error. The prosecutor in closing argument made a transparent reference to parole. He told the jurors that in 1980 appellant was sentenced to ten years' imprisonment and yet in 1982 he committed this crime, then asked the jury to sentence the appellant to lots of years "because you know from the evidence here before you, figure what jury sentence means to how much time he spends in that prison." Notwithstanding the admonition to the jury to disregard the statements, the impermissible reference to parole may have influenced the jury to assess a greater punishment. See Wright v. State, 617 P.2d 1354 (Okl.Cr.1979). Accordingly we modify the sentence to twenty years' imprisonment, the minimum sentence for a felony after conviction of two or more felonies.

■ The next allegation is that the trial court committed fundamental error by failing to instruct the jury, sua sponte, that eyewitness testimony should be received with caution. Although both the appel-

lant's brief and the appellee's brief state that two witnesses identified the appellant as one of the burglars, the transcript of the trial reveals that only one witness—Dianne Cherry—identified the appellant at trial.

Ms. Cherry had an opportunity to observe the burglar clearly, was positive in her identification, remained positive and unqualified even after cross-examination, and her testimony was not weakened by a prior failure to identify. No cautionary instruction was requested, and none was needed. See Frazier v. State, 706 P.2d 165 (Okl.Cr.1985).

■ The third allegation of error is that the evidence was insufficient to sustain the conviction. Appellant argues that the evidence was wholly circumstantial and that there were reasonable hypotheses other than guilt. Ms. Cherry's identification constituted direct evidence; therefore, the correct test is whether, after reviewing the evidence in light most favorable to the prosecution, any rational trier of fact would have found the essential elements of the crime beyond a reasonable doubt. Spuehler v. State, 709 P.2d 202 (Okl.Cr. 1985).

In addition to the eyewitness testimony, the State introduced evidence showing that the appellant was stopped by police twenty-five miles from the scene of the crime just thirty minutes after the crime was committed. The car in which appellant was riding was positively identified as the car used in the crime. Appellant himself introduced evidence that the driver of the car pled guilty to the crime. We deem this evidence to be sufficient under the Spuehler test.

■ After the jury had retired to begin deliberations, they asked the trial judge whether Jerry Needham, the bus driver, had been able to identify the appellant. The judge responded, "I will advise you that that is part of the facts in the case and it is up to the jury to determine the facts in this case." Defense counsel objected to this response and requested the court to make the tape recordings of the testimony available to the jury. Appellant concedes

that the decision to permit or refuse a jury's request to rehear testimony lies with the trial court, but argues that under the facts of this case, the refusal was an abuse of discretion. The trial was brief, the witnesses few, and the testimony uncomplicated. We find no abuse of discretion. *See Glaze v. State,* 565 P.2d 710 (Okl.Cr.1977).

■ Finally, appellant asserts that at the conclusion of the sentencing stage of the trial, the court gave only one verdict form to the jury, that form finding appellant guilty of Second Degree Burglary, After Two Former Felony Convictions. Appellant's assertion is based solely on the absence of other forms in the original record. This Court recently condemned such a serious allegation based on so little investigation. *Dyke v. State,* 716 P.2d 693 (Okl.Cr. 1986). Here, as in *Dyke,* the appellant has failed to demonstrate that verdict forms were withheld from the jury. Furthermore, there is evidence to the contrary. Defense counsel did not object to the verdict forms given, and no request was made in the designation of record that the unused forms be included. When the judge was instructing the jury, he told jurors there would be three verdict forms attached to the instructions and the exhibits. In light of the evidence contradicting this allegation and the lack of evidence supporting it, we find this claim to be without foundation.

The sentence is MODIFIED to twenty years' imprisonment and otherwise AFFIRMED.

PARKS, P.J., concurs.

BUSSEY, J., concurs in results.