Jerry Lee WALTON, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–1.

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1987.

Thomas G. Smith, Jr., Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant, Jerry Lee Walton, was found guilty of First–Degree Murder in Stephens County District Court, Case No. CRF–83–33, and was sentenced to life imprisonment. On appeal, we affirm.

On February 3, 1983, an altercation occurred between the appellant and Walter "Kitty" Bradley over twenty dollars that Bradley had borrowed from the appellant but had been slow in repaying. During the argument Bradley took appellant's gun away from him, causing great embarrassment to the appellant. At some point in time the two men reconciled their differences.

On February 5, 1983, "Chicken George" Flowers and his girlfriend came to Duncan from Chickasha to try to sell a movie projector and some pornographic films. The appellant said he might know someone who would be interested and introduced Flowers to Bradley. Bradley wanted to see the films first, so they decided to go to the appellant's house. The three men entered the house while the girlfriend stayed out in the car.

The appellant was carrying a new gun around with him as he walked around in the house. Just as the lights were turned off and the film began, the appellant fired his gun twice. Bradley fell to the floor, produced a gun and fired four shots. One bullet fired by the appellant pierced Bradley's right arm; the other entered the back between the shoulder blades, just to the right of the spinal column. The bullet that entered through the back severed the spinal cord, instantly paralyzing Bradley from the nipple line down. The bullet also went through the right lung and through the right upper pumping chamber of the heart. Within ten to fifteen minutes later, Bradley died as a result of gunshot wound and the subsequent internal bleeding.

The appellant alleges in his first assignment of error that the trial court erred in not instructing the jury on the lesser-included offense of "heat of passion" first-degree manslaughter. Such an instruction was not requested at trial, and defense counsel expressed his satisfaction with the court's instructions. As a general rule, a defendant who neither objects to the court's instructions nor submits alternative instructions for the trial court to consider waives his right to later object. *Ross v. State*, 717 P.2d 117, 121 (Okl.Cr.1986).

The appellant asserts that, nevertheless, the trial court has a duty to instruct upon lesser-included offenses supported by any evidence in homicide cases even though the instruction is not requested. *Tarter v. State*, 359 P.2d 596, 601 (Okl.Cr.1961). This is true only if the evidence supports the instruction. *Funkhouser v. State*, 721 P.2d 423, 425 (Okl.Cr. 1986). The appellant argues that the argument two days before the killing tends to prove that the killing was out of heat of passion. We disagree. In addition to the evidence of that fight, there was evidence that the victim and the appellant had subsequently worked out their differences. On the day of the killing, appellant introduced the victim to Flowers, allowed the two to use his house, and even drove the victim to get some money on the way to his house. In light of this uncontroverted evidence, the "heat of passion" manslaughter instruction was not merited.

The appellant also argues that the instruction had to be given because of the *Morgan* rule, that is, that in every prosecution for murder wherein the evidence necessitates a self-defense instruction, the trial court shall also instruct upon first-degree manslaughter committed in the heat of passion. *Morgan v. State*, 536 P.2d 952, 959 (Okl.Cr.1975).

This Court now re-examines *Morgan* and finds the rule stated therein to be inapplicable to this case even though the prosecution was for first-degree murder and a self-defense instruction was given.

Also, this Court now concludes that the ruling in *Morgan* is too inflexible. In the case at bar, the evidence showed that the homicide was unnecessarily committed while resisting an attempt by the person killed to commit a crime.[1] In this case there was no evidence to support the contention that the killing was committed in

---

1. In his statements to the police, the appellant said that Bradley was planning to rob both the appellant and Mr. Flowers.

the heat of passion. Nor did the appellant request that the jury be instructed on this offense. We find in this case that the trial court did not err. We also conclude that *Morgan v. State*, 536 P.2d 952 (Okl.Cr. 1975) should be, and is, therefore overruled.

■ The appellant also baldly asserts that failure to give an instruction on "heat of passion" manslaughter resulted in a denial of due process under the United States Constitution; he does not explain how. Counsel must support allegations of error with argument and citations of authority. *See* Rules of the Court of Criminal Appeals, 22 O.S.1981, Ch. 18, App.—Rule 3.5 and *Bowers v. State*, 648 P.2d 835 (Okl.Cr. 1982). This proposition is without merit.

■ The second and third assignments of error allege that the appellant's right to a fair trial was fundamentally prejudiced by statements made by the prosecutor in closing argument. None of the statements were met with an objection by defense counsel. Therefore, all but fundamental error was waived. *Raymond v. State*, 717 P.2d 1147 (Okl.Cr.1986). We have reviewed the comments and find none grossly improper.

In his next assignment of error the appellant contends that the trial court committed reversible error in refusing to instruct the jury on the defense of insanity. Initially we note that the request was oral rather than in writing as is required to preserve error in the court's instruction. *See Frazier v. State*, 706 P.2d 165, 167 (Okl.Cr.1985). Even so, we find that the requested instruction was properly refused.

■ Oklahoma follows the *M'Naghten* test of legal sanity, that is, whether the defendant was capable of knowing right from wrong at the time the offense was committed. *Clark v. State*, 718 P.2d 375, 377 (Okl.Cr.1986). The defendant is presumed to be sane, and the burden is on him to introduce sufficient evidence to raise reasonable doubt of sanity. *See Ingram v. State*, 620 P.2d 406, 407 (Okl.Cr.1980); *Frazier v. State*, 654 P.2d 639, 640 (Okl.Cr. 1982).

■ The evidence cited by appellant in support of his contention did not tend to prove that he did not know right from wrong; thus the presumption of sanity was not sufficiently rebutted to merit an instruction on insanity. *See Jacobson v. State*, 684 P.2d 556 (Okl.Cr.1984). The trial court did not err.

Finally, the appellant claims his right to a fair trial was prejudiced during the examination of witnesses. Most of the questions and responses now objected to were not objected to at trial. Therefore the alleged errors were not properly preserved for appellate review. *See Pekah v. State*, 660 P.2d 652 (Okl.Cr.1983). Some were even invited by defense counsel. None merit a reversal or modification of the judgment and sentence.

The judgment and sentence stand AFFIRMED.

BUSSEY, J., concurs.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

I write separately to address the decision of this Court to overrule *Morgan v. State*, 536 P.2d 952, 959 (Okla.Crim.App.1975). While *Morgan, supra,* sets forth a well-reasoned rule, the better approach is the one which is adopted by the majority, as it allows for a case-by-case analysis. Under this new rule, the trial court must closely scrutinize each individual case to determine whether the facts warrant instructions on both self-defense and heat of passion.

After close examination of the circumstances presented by the appellant, it is clear that an instruction on first-degree manslaughter committed in the heat of passion was not appropriate. Therefore, I agree that the appellant was not entitled to an instruction regarding the heat of passion.