KUEHN, JUDGE:
 

 ¶ 1 Keith Bernard Mack was tried by jury and convicted of First Degree Murder in violation of 21 O.S.2011, § 701.7(A), in the District Court of Tulsa County, Case No. CF-2014-1754. In accordance with the jury's recommendation the Honorable James M. Caputo sentenced Mack to life imprisonment without the possibility of parole. Mack appeals from this conviction and sentence, and raises four propositions of error in support of his appeal.
 

 ¶ 2 During the late afternoon on April 17, 2014, Appellant fatally shot Keondrea Love in the head. Before the crime, Appellant and Love met by chance at an informal convenience store, the Candy Lady's, near their apartment complex. Appellant had a .38 revolver, which he habitually carried. Love was unarmed. Appellant and Love began to argue about the price of haircuts they had given one another. As they walked through the complex the argument escalated, and Appellant shot Love just above his left ear; the bullet exited just above the right ear, slightly in front of the entry wound. Appellant later claimed he thought Love had a gun. The encounter was captured on surveillance video. The video showed Love walking, looking ahead, while Appellant walked about three feet behind him with his left arm fully extended. Love fell, and Appellant brought his arm down and ran away.
 

 ¶ 3 In Proposition I Appellant claims the State failed to prove beyond a reasonable doubt that he did not act in self-defense. A person may use deadly force in self-defense if a reasonable person in his circumstances and from his viewpoint would reasonably have believed he was in imminent
 danger of death or great bodily harm.
 
 Davis v. State
 
 ,
 
 2011 OK CR 29
 
 , ¶ 95,
 
 268 P.3d 86
 
 , 114-15. An aggressor, or a person who voluntarily enters a situation armed, cannot claim self-defense.
 
 Id
 
 . Once a defendant raises self-defense, the State must overcome the defense beyond a reasonable doubt.
 
 Robinson v. State
 
 ,
 
 2011 OK CR 15
 
 , ¶ 17,
 
 255 P.3d 425
 
 , 432. Through video and an eyewitness account, the State showed that after an argument Appellant, armed with a revolver, followed Love and shot him in the head from behind. Appellant claimed that Love threatened him; he believed Love was armed, and he shot when he thought Love was about to turn and pull a weapon. He argued that this story was supported by the location and trajectory of the wound. On appeal, Appellant essentially repeats these claims, asking this Court to substitute its judgment for that of the jury. We will not do so. Jurors heard the conflicting evidence, and concluded Appellant was not acting in self-defense. We presume jurors resolve conflicts in favor of the prosecution.
 
 Id
 
 . Sufficient evidence supports the jury's conclusion that the State proved beyond a reasonable doubt that Appellant did not act in self-defense.
 
 Id
 
 . Taking the evidence in the light most favorable to the State, any rational juror could find beyond a reasonable doubt that Appellant did not act in self-defense, and committed first degree murder.
 
 Easlick v. State
 
 ,
 
 2004 OK CR 21
 
 , ¶ 15,
 
 90 P.3d 556
 
 , 559. This proposition is denied.
 

 ¶ 4 In Proposition II Appellant claims the trial court should have
 
 sua sponte
 
 instructed jurors on imperfect self-defense. At Appellant's request, jurors were properly instructed on self-defense. They rejected that defense. Thus, Appellant's claim that he had a right to instruction on his defense is answered; he claimed self-defense, and he was given the defense instructions. Appellant now argues that instructions on imperfect self-defense should have been included, although he did not raise that defense or request such instructions. We review for plain error.
 
 McHam v. State
 
 ,
 
 2005 OK CR 28
 
 , ¶ 21,
 
 126 P.3d 662
 
 , 670. Plain error is an actual error, that is plain or obvious, and that affects a defendant's substantial rights, affecting the outcome of the trial.
 
 Barnard v. State
 
 ,
 
 2012 OK CR 15
 
 , ¶ 13,
 
 290 P.3d 759
 
 , 764.
 

 ¶ 5 If imperfect self-defense was ever recognized as a separate legal doctrine in Oklahoma, our current jurisprudence does not do so. Put simply, this is not a thing. It is not recognized as a separate defense in either Oklahoma statutes or case law.
 
 [1]
 
 Historically, the phrase "imperfect self-defense" referred to a defense which did not justify a homicide, but which might reduce the grade of offense to manslaughter. Rollin M. Perkins,
 
 Criminal Law
 
 1013 (2d ed. 1969). Appellant implicitly recognizes this. He suggests that heat of passion manslaughter is similar to, but not the same as, imperfect self-defense, arguing that imperfect self-defense "amounts to self-defense but for some legal technicality." For example,
 
 Wood v. State
 
 , discussing manslaughter, notes that a killing done in "passion resulting from fright or terror ... may be closely akin to a killing in self-defense."
 
 Wood v. State
 
 ,
 
 1971 OK CR 232
 
 , ¶ 9,
 
 486 P.2d 750
 
 , 752.
 
 Wood
 
 further describes manslaughter as a killing where the offender believed he was in great danger and "acting in self-defense was not himself free from blame."
 
 Id
 
 . Appellant suggests that this language in
 
 Wood
 
 refers to the doctrine of imperfect self-defense.
 
 Wood
 
 does not delineate a separate defense of imperfect self-defense. Instead, it describes some conditions which satisfy elements of manslaughter.
 
 See also
 

 McHam
 
 ,
 
 2005 OK CR 28
 
 , ¶ 14,
 
 126 P.3d at
 
 668 (citing
 
 Wood
 
 , finding that heat-of-passion
 manslaughter instruction may be warranted where self-defense mitigated but did not negate culpability). Similarly,
 
 Davis v. State
 
 held that where a jury "might conclude that the defendant's self-defense claim is 'imperfect,' " and sufficient to mitigate but not negate culpability, a court might instruct on heat-of-passion manslaughter.
 
 Davis
 
 ,
 
 2011 OK CR 29
 
 , ¶ 109,
 
 268 P.3d at 117-18
 
 . This language unmistakably explains that some form of manslaughter instruction may be appropriate where a self-defense claim fails. It does not create or recognize imperfect self-defense as a separate defense and explicitly rejects the idea of any separate instruction on imperfect self-defense.
 

 ¶ 6 Appellant admits that there is no uniform instruction for imperfect self-defense. He argues that trial courts should use either the heat-of-passion manslaughter instruction or the instruction on manslaughter by resisting criminal attempt, or fashion an instruction from the manslaughter instructions and the facts. Appellant fundamentally misunderstands the law. Appellant suggests that this Court once required an instruction on imperfect self-defense whenever self-defense instructions would be given.
 
 Morgan v. State
 
 ,
 
 1975 OK CR 89
 
 , ¶ 8,
 
 536 P.2d 952
 
 , 956,
 
 overruled by
 

 Walton v. State
 
 ,
 
 1987 OK CR 227
 
 , ¶ 9,
 
 744 P.2d 977
 
 , 978-79.
 
 Morgan
 
 explicitly discussed instructions for various degrees of
 
 manslaughter
 
 when self-defense instructions were given; it was overruled in
 
 Walton
 
 when this rule was found to be too inflexible. Oklahoma does not recognize "imperfect self-defense" as a separate defense. The trial court could not have instructed on it. There is no error, and thus no plain error. This proposition is denied.
 

 ¶ 7 In Proposition III Appellant claims trial counsel was ineffective. He must show that counsel's performance was deficient, and that the deficient performance was prejudicial.
 
 Miller v. State
 
 ,
 
 2013 OK CR 11
 
 , ¶ 145,
 
 313 P.3d 934
 
 , 982 ;
 
 Wiggins v. Smith
 
 ,
 
 539 U.S. 510
 
 , 521,
 
 123 S.Ct. 2527
 
 , 2535,
 
 156 L.Ed.2d 471
 
 (2003) ;
 
 Strickland v. Washington
 
 ,
 
 466 U.S. 668
 
 , 687,
 
 104 S.Ct. 2052
 
 , 2064,
 
 80 L.Ed.2d 674
 
 (1984). Appellant must show he was prejudiced by counsel's acts or omissions, and we may dispose of his claim if he fails to do so.
 
 Marshall v. State
 
 ,
 
 2010 OK CR 8
 
 , ¶ 61,
 
 232 P.3d 467
 
 , 481 ;
 
 Williams v. Taylor
 
 ,
 
 529 U.S. 362
 
 , 394,
 
 120 S.Ct. 1495
 
 , 1513-14,
 
 146 L.Ed.2d 389
 
 (2000) ;
 
 Strickland
 
 ,
 
 466 U.S. at 693
 
 ,
 
 104 S.Ct. at 2067
 
 . Appellant claims counsel should have requested jury instructions on imperfect self-defense. As we found in Proposition II, imperfect self-defense does not exist in Oklahoma law. Appellant can show no prejudice from counsel's failure to request such an instruction. Trial counsel was not ineffective and the proposition is denied.
 

 ¶ 8 In Proposition IV Appellant claims the accumulation of error denied him a fair trial. We found no errors in the preceding propositions. Where there is no error, there will be no cumulative error.
 
 Engles v. State
 
 ,
 
 2015 OK CR 17
 
 , ¶ 13,
 
 366 P.3d 311
 
 , 315. This proposition is denied.
 

 DECISION
 

 ¶ 9 The Judgment and Sentence of the District Court of Tulsa County is
 
 AFFIRMED
 
 . Pursuant to Rule 3.15,
 
 Rules of the Oklahoma Court of Criminal Appeals
 
 , Title 22, Ch.18, App. (2018), the
 
 MANDATE
 
 is
 
 ORDERED
 
 issued upon the delivery and filing of this decision.
 

 LUMPKIN, P.J.: SPECIALLY CONCURS
 

 LEWIS, V.P.J.: CONCUR
 

 HUDSON, J.: CONCUR
 

 ROWLAND, J.: CONCUR
 

 LUMPKIN, PRESIDING JUDGE: SPECIALLY CONCURRING
 

 ¶ 1 I compliment my colleague for setting the record straight regarding the concept of imperfect self-defense. I agree that this is not a recognized defense in Oklahoma.
 

 ¶ 2 I write further to remind our readers of the standard which we use to determine whether there is sufficient evidence. This Court reviews challenges to the sufficiency of the evidence under the test set forth in
 
 Jackson v. Virginia
 
 ,
 
 443 U.S. 307
 
 , 319,
 
 99 S.Ct. 2781
 
 , 2789,
 
 61 L.Ed.2d 560
 
 (1979) to determine
 whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
 
 Easlick v. State
 
 ,
 
 2004 OK CR 21
 
 , ¶¶ 5, 15,
 
 90 P.3d 556
 
 , 558-59 ;
 
 Spuehler v. State
 
 ,
 
 1985 OK CR 132
 
 , ¶ 7,
 
 709 P.2d 202
 
 , 203-04. Taking the evidence in the present case in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the charged offense, including that Appellant did not act in self-defense, beyond a reasonable doubt.
 

 ¶ 3 Similarly, I want to remind our readers that this Court reviews for plain error pursuant to the test set forth in
 
 Simpson v. State
 
 ,
 
 1994 OK CR 40
 
 ,
 
 876 P.2d 690
 
 to determine whether the appellant has shown an actual error, which was plain or obvious, and which affects his substantial rights.
 
 Lamar v. State
 
 ,
 
 2018 OK CR 8
 
 , ¶ 40,
 
 419 P.3d 283
 
 , 294. This Court will only correct plain error if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice.
 

 Id.
 

 I agree that Appellant has not shown the existence of an actual error in the jury instructions in the present case.
 

 Appellant states without citation to authority that "imperfect self-defense" has been recognized in Oklahoma since before statehood. In fact, manslaughter has been recognized as the crime midway on the spectrum between self-defense and murder. Even in states which explicitly recognize the doctrine as a defense, a successful claim of imperfect self-defense results in a conviction for some form of manslaughter.
 
 See
 
 ,
 
 e.g.
 
 ,
 
 People v. Lam Thanh Nguyen
 
 ,
 
 61 Cal.4th 1015
 
 ,
 
 191 Cal.Rptr.3d 182
 
 ,
 
 354 P.3d 90
 
 , 115-16 (2015) ;
 
 State v. Ramseur
 
 ,
 
 226 N.C.App. 363
 
 ,
 
 739 S.E.2d 599
 
 , 607 (2013) ;
 
 Commonwealth v. Rivera
 
 ,
 
 603 Pa. 340
 
 ,
 
 983 A.2d 1211
 
 , 1224-25 (2009) ;
 
 State v. Marr
 
 ,
 
 362 Md. 467
 
 ,
 
 765 A.2d 645
 
 , 648-49 (Ct.App. Md. 2001) ;
 
 Elliott v. Commonwealth
 
 ,
 
 976 S.W.2d 416
 
 , 419-20 (S.Ct. Ky. 1998) ;
 
 Swann v. United States
 
 ,
 
 648 A.2d 928
 
 , 930 (D.C. Ct. App. 1994).